## NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.



This opinion was filed for record

at 8:00 on Sept 1, 2016

SUSAN L. CARLSON
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MIKE BELENSKI, | ) | |
| | ) | |
| Petitioner, | ) | No. 92161-0 |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| JEFFERSON COUNTY, a | ) | |
| Washington State political | ) | |
| subdivision, | ) | |
| | ) | |
| Respondent. | ) | Filed ___SEP 0 1 2016___ |
| | ) | |

FAIRHURST, J.—Washington's Public Records Act (PRA), chapter 42.56 RCW, allows citizens broad access to public records and provides a cause of action to challenge inadequate responses to records requests. When Mike Belenski requested certain records from Jefferson County (County), the County responded that it had "no responsive records." Clerk's Papers (CP) at 214. Over two years later, Belenski sued the County, asserting that this response violated the PRA because the County did in fact have such records and failed to make the proper disclosures. The Court of Appeals dismissed this claim as time barred under the two year statute of limitations in RCW 4.16.130.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Belenski v. Jefferson County*, No. 92161-0

At issue is which statute of limitations applies to Belenski's PRA claim and whether the applicable statute renders his claim time barred. We hold that the one year statute of limitations in the PRA applies to Belenski's claim and that this limitations period usually begins to run on an agency's final, definitive response to a records request. However, we remand this case for the trial court to determine whether equitable tolling should toll the statute of limitations.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Belenski has requested and received many public records from the County over time. Since at least the year 2000, Belenski has sought Internet access logs (IALs) to monitor county employee Internet usage.[1] This case involves four of Belenski's PRA requests, only one of which is now before us. On September 27, 2010, Belenski sent the County a PRA request asking to inspect "the Internet Access Logs from February 1, 2010 to September 27, 2010." CP at 211. One week later, the County mailed a response to Belenski's "Public Records Request Dated September 27, 2010 – Internet access logs from February 1, 2010 to September 27, 2010," stating that "the County has no responsive records." CP at 214. Belenski received this response via e-mail on October 5, 2010. CP at 213.

---

[1] IALs record information relating to contacts between county issued computers and the Internet websites they visit in the form of "'meta-data.'" *Belenski v. Jefferson County*, 187 Wn. App. 724, 734, 350 P.3d 689 (2015), *review granted*, 184 Wn.2d 1032, 364 P.3d 120 (2016).

2

Belenski explained that he was "confused" by the county's response because he had requested and received IAL data from the County in the past. CP at 120. This led to him to follow up through conversations with county employees and filing other PRA requests (which are not before us). Eventually, Belenski discovered (through a separate public records response) e-mails between county employees sent shortly after his request admitting that the IALs existed during the relevant time period of Belenski's PRA request, but suggesting the County need not provide them because they are not "natively viewable" and would need to be "pulled out of a database and generated in a human readable format." CP at 138.

On November 19, 2012, Belenski sued the County, alleging violations of the PRA for his September 27, 2010 request for IALs, along with other PRA requests that are not before us.

The trial court held that IALs are not public records and, therefore, dismissed the claim at issue because the PRA applies only to public records. The Court of Appeals reversed in part, determining that IALs are public records. *Belenski v. Jefferson County*, 187 Wn. App. 724, 732-33, 350 P.3d 689 (2015), *review granted*, 184 Wn.2d 1032, 364 P.3d 120 (2016). However, the Court of Appeals ultimately dismissed Belenski's claim as time barred by the statute of limitations. The court noted that two possible statutes of limitations may apply—the one year statute of limitations under the PRA, RCW 42.56.550(6), or the two year catchall statute of

limitations, RCW 4.16.130. *Belenski*, 187 Wn. App. at 739. The Court of Appeals avoided addressing whether the PRA statute of limitations should apply and instead determined that Belenski's claim was time barred under even the longer, two year statute of limitations because "Belenski did not file his complaint until . . . over two years after the County responded" to his request for IALs. *Id.* Belenski sought review of only this portion of the Court of Appeals decision, which dismissed his PRA claim involving the September 27, 2010 request for IALs as time barred. We granted Belenski's petition for review. *Belenski*, 184 Wn.2d 1032.

## II. ANALYSIS

The PRA is a broad public mandate that allows citizens access to public records. *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 535, 199 P.3d 393 (2009) (citing *Hearst Corp. v. Hoppe*, 90 Wn.2d 123, 127, 580 P.2d 246 (1978)). When a citizen requests public records under the PRA, the agency may respond in one of three ways: produce the records, ask for more time or clarification, or deny the request along with a proper claim of exemption (which requires the agency to identify certain information about the records, list the specific exemptions, and explain how they apply). RCW 42.56.520, .210(3); *see also Rental Hous.*, 165 Wn.2d at 537-38 (explaining requirements for exemption claims). The PRA provides a cause of action for citizens to challenge violations of this act. *See*

*Belenski v. Jefferson County*, No. 92161-0

RCW 42.56.550. Our standard of review is de novo. *Rental Hous.*, 165 Wn. 2d at 536 (citing RCW 42.56.550(3)).

Belenski claims the County violated the PRA by inadequately responding to his September 27, 2010 request for IALs. More specifically, he asserts that the County silently withheld records by telling him that the County has "no responsive records," when in fact such records existed. CP at 214. The Court of Appeals held that this claim was time barred. We agree.

At the outset, we must determine which statute of limitations applies to Belenski's claim under the PRA. We must then decide when that limitations period was triggered.

We hold that the trial court incorrectly applied the two year catchall statute of limitations. RCW 42.56.550(6) is the applicable statute of limitations for Belenski's PRA claim. Although we find that this statute normally begins to run on an agency's definitive, final response to a PRA request, we remand this case for the trial court to determine whether to apply the doctrine of equitable tolling based on the facts of this case.

A.     RCW 42.56.550(6) establishes a one year statute of limitations for claims under the PRA

RCW 42.56.550(6) "provides a one-year statute of limitations for PRA actions." *Rental Hous.*, 165 Wn.2d at 535. This provision states, "Actions under this

section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550(6).

The Court of Appeals, concerned that the County's response in this case did not fall strictly within a claim of exemption or the production of records on an installment basis, did not apply RCW 42.56.550(6) to Belenski's claim. Instead, the Court of Appeals applied the two year catchall statute of limitations contained in the general chapter on "limitation of actions" in Washington's civil procedure code, which states, "An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued." RCW 4.16.130.

We hold that the Court of Appeals incorrectly applied the two year catchall statute of limitations to Belenski's claim, rather than the one year statute of limitations that the PRA explicitly provides. By its express statutory terms, RCW 4.16.130 applies only when a time limit is "not hereinbefore provided for." But the PRA contains its own statute of limitations in a section titled "Judicial review of agency actions," RCW 42.56.550, along with a provision stating that the PRA governs in the event it may conflict with any other acts, RCW 42.56.030. Therefore, we adopt the one year statute of limitations in RCW 42.56.550(6) for causes of action under the PRA. Belenski's claim here falls into that category, as he specifically requested to inspect IALs "[p]ursuant to the Public Records Act, RCW 42.56," and

6

now challenges the agency's response as improper under the PRA. CP at 211. We reverse the Court of Appeals in part and hold that RCW 42.56.550(6) is the applicable statute of limitations governing Belenski's claim under the PRA.

B.     The County's response may have been sufficient to trigger the PRA statute of limitations, but we remand to the trial court to address equitable tolling

Having determined that RCW 42.56.550(6) is the applicable statute of limitations, we must next decide whether the County's response claiming that there were "no responsive records" was sufficient to trigger this provision. CP at 214. We hold that it is, but we remand for the trial court to determine whether equitable tolling under the facts of this case is appropriate.

Belenski asserts that the one year statute of limitations in RCW 42.56.550(6) begins to run only on two very specific agency responses—either an agency's claim that records are exempt or the last production of records on an installment basis. But there are many other ways an agency may respond, whether permitted under the statute or not, to a public records request. This highlights a tension in the divisions of the Court of Appeals regarding the appropriate starting point for the statute of limitations when an agency's response does not fall strictly within the two types of responses listed in RCW 42.56.550(6).

Division One of the Court of Appeals adopted a strict interpretation of the PRA statute of limitations in *Tobin v. Worden*, 156 Wn. App. 507, 233 P.3d 906 (2010). In that case, the agency initially responded to a PRA request with a one page

document with some redactions. When the requesters made a second request for a copy of a certain anonymous letter, the agency explained that the pertinent information was not contained in a letter, but rather in staff notes from a phone call. The agency provided those notes and stated, "'I trust that this responds fully to your public disclosure request.'" *Id.* at 511. After the requesters sued the agency for PRA violations, the Court of Appeals held that neither of these agency responses was sufficient to trigger the PRA statute of limitations. Reading RCW 42.56.550(6) narrowly, the court stated that statute "is only triggered by two specific agency responses—a claim of exemption and the last partial production—not simply the agency's 'last' response." *Id.* at 515. The court concluded that neither answer constituted a proper claim of exemption, and because the records were produced all at once and not "part of a larger set of requested records," they could not qualify for the disclosure on the partial or installment basis provision of RCW 42.56.550(6). *Id.* at 514. Therefore, the Court of Appeals held that the statute of limitations did not bar the requesters' claims.

Division Two of the Court of Appeals rejected *Tobin*'s narrow reading of the events sufficient to trigger the statute of limitations. In *Bartz v. Department of Corrections Public Disclosure Unit*, the court determined that the agency's single production of records triggered the statute of limitations. 173 Wn. App. 522, 538, 297 P.3d 737 (2013) (citing *Johnson v. Dep't of Corr.*, 164 Wn. App. 769, 777, 265

*Belenski v. Jefferson County*, No. 92161-0

P.3d 216 (2011)). In rejecting *Tobin*'s contrary conclusion, Division Two noted that a literal reading of only two triggering events leads to absurd results. *Id.* at 536-37 (noting it would be absurd to conclude that no statute of limitations applied to PRA actions involving a single production of records or to conclude that "the legislature intended to create a more lenient statute of limitations for one category of PRA requests in light of its 2005 deliberate and significant shortening of the time for filing a claim from five years . . . to one year").

We agree that *Tobin*'s reading of the PRA statute of limitations is too narrow. The statute does not use terms like "either" or "only" to limit the triggering events, nor does it set forth a definitive list by numbering the events as (1) and (2). Instead, the statute of limitations' reference to bringing suit within one year of "the agency's claim of exemption or the last production of a record on a partial or installment basis" indicates that the legislature intended to impose a one year statute of limitations beginning on an agency's final, definitive response to a public records request. RCW 52.56.550(6). This theme of finality should apply to begin the statute of limitations for all possible responses under the PRA, not just the two expressly listed in RCW 42.56.550(6). As the court aptly noted in *Bartz*, to conclude otherwise would lead to

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

absurd results—leaving either no statute of limitations or a different statute of limitations to apply based on how the agency responded.[2]

In this case, the County gave a final, definitive response to Belenski's public records request on October 4, 2010, stating that "the County has no responsive records" relevant to his PRA request for IALs on September 27, 2010. CP at 214. Belenski received this response via e-mail on October 5, 2010. CP at 213. Regardless of whether this answer was truthful or correct, the county's definitive, final response to Belenski's PRA request was sufficient to put him on notice that the County did not intend to disclose records or further address this request. If Belenski was unsatisfied with this answer, he could sue to hold the County in compliance with the PRA as soon as it gave this response—there was no need for him to wait an additional 25 months before bringing his cause of action.

However, Belenski and amici raise legitimate concerns that allowing the statute of limitations to run based on an agency's dishonest response could

---

[2]This conclusion does not conflict with *Rental Housing*. That case stated that the agency's initial response to a PRA request, which provided some documents but refused to disclose others, was not sufficient to trigger the statute of limitations because the agency did not follow the proper procedure for claiming exemptions and held that the limitations period did not begin to run until the agency "provided a privilege log identifying individual records it was withholding under a claim of exemption." *Rental Hous.*, 165 Wn.2d at 528. The holding in *Rental Housing* was limited to the timeliness of claims when an agency attempts to claim an exemption and discusses how the agency must claim an exemption to begin the limitations period. In contrast, in this case the County never attempted to claim an exemption and, instead, simply stated that it had "no responsive records." Therefore, *Rental Housing* is distinguishable, and the limitations period here should begin to run on this final, definitive response.

10

*Belenski v. Jefferson County*, No. 92161-0

incentivize agencies to intentionally withhold information and then avoid liability due to the expiration of the statute of limitations. On one hand, we recognize that such an incentive could be contrary to the broad disclosure mandates of the PRA and may be fundamentally unfair in certain circumstances; on the other hand, certain facts in this specific case indicate that Belenski knew the County possessed IAL data, yet he inexplicably waited over two years before filing his claim. In light of these issues, we remand this case to the trial court to resolve any factual disputes and to determine whether the doctrine of equitable tolling applies to toll the statute of limitations in this case.

## III. CONCLUSION

We reverse the portion of the Court of Appeals opinion that applies the two year catchall statute of limitations and hold that the one year PRA statute of limitations, RCW 42.56.550(6), applies to Belenski's PRA claim. Although we find that this statute of limitations usually begins to run on an agency's final, definitive response to a PRA request, we remand this case for the trial court to determine whether equitable tolling is appropriate.

*Belenski v. Jefferson County*, No. 92161-0

Fairhurst, J.

WE CONCUR:

Madsen, C.J.

Wiggins, J.

González, J.

Owens, J.

Stephens McCloud, J.

Yu, J.

12

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Belenski v. Jefferson County*

No. 92161-0

JOHNSON, J. (dissenting)—The Public Records Act (PRA), chapter 42.56 RCW, is designed to guarantee citizens two rights. First, a requester of public records has the right to inspect public records. Second, a requester has the right to receive an adequate response to his or her request. Both rights were denied here.

The troubling rule embraced by the majority permits public agencies to deny the existence of public records they hold, and then wait for the clock to expire under a one-year statute of limitations to avoid disclosure. This turns the PRA on its head. I would hold that Jefferson County's response to Mike Belenski's public records request was false, it did not comply with the PRA, the statute of limitations under the PRA was never triggered, and the lawsuit was timely. This court should embrace a rule prohibiting the government from enjoying the protections of the PRA's statute of limitations when responding falsely to records requests. The majority instead holds the opposite, and for this reason, I respectfully dissent.

The majority claims the Court of Appeals read the PRA statute of limitations (RCW 42.56.550(6)) too narrowly in *Tobin v. Worden*, 156 Wn. App. 507, 233

*Belenski v. Jefferson County*, 92161-0
(Johnson, J., dissenting)

P.3d 906 (2010). Perhaps the holding in *Tobin* would be too narrowly applied in cases where the government responds truthfully and accurately to a records request, but that is not what happened in *Tobin*. In that case, the Court of Appeals did nothing more than apply the words of the PRA's statute of limitations as written. In *Tobin*, Susan Tobin repeatedly requested from the county copies of any complaints against her property. After her first request, the county sent her a copy of a one-page, handwritten complaint with some portions redacted. When it was sent to Tobin, this document included no corresponding explanation or response from the county.

Tobin later learned through a county code enforcement officer that additional, anonymous complaints had been made against her property and others. Tobin made another public records request via e-mail:

> "I am requesting a copy of the anonymous letter received by code enforcement on or around 11/24/04 regarding file # E0401001. This letter apparently constituted an additional complaint against this landowner."

*Tobin*, 156 Wn. App. at 510. The county responded in a letter:

> "Thank you for your public disclosure request, which I received via e-mail on June 2, 2005. In your e-mail, you requested a copy of the anonymous letter received by Code Enforcement on or around 11/24/04 regarding Code Enforcement case # E0401001.
>
> "The pertinent document is enclosed with this letter. It is not, in fact, a letter from the complainant, but rather the internal staff notes from a

2

*Belenski v. Jefferson County*, 92161-0
(Johnson, J., dissenting)

> phone call placed by the complainant. As you will see, the
> complainant has requested to remain anonymous.
>
> "I trust that this responds fully to your public disclosure request. If
> you have questions or need additional information, please do not
> hesitate to contact me directly."

*Tobin*, 156 Wn. App. at 510-11. Tobin wrote back to clarify, informing the county

that the record they sent her was not the one she requested. The document she

requested was in fact a letter received on November 24, 2004, rather than the

internal staff notes. Tobin attached an e-mail from the code enforcement officer

that specifically referenced the November 24, 2004 complaint. In response to

Tobin's clarifying letter, the county again responded:

> "I apologize that we erred in properly retrieving the document you
> originally requested. I am working with [the code enforcement
> officer] and the code enforcement section and I believe that the
> enclosed letter fulfills your original request."

*Tobin*, 156 Wn. App. at 511. However, the enclosed letter was yet another copy of

the redacted one page complaint the county already provided. The county provided

no further response to Tobin's records requests. The court correctly held that the

PRA statute of limitations was not triggered "[b]ecause none of the county's

responses to the Tobins' records requests amount to a claim of exemption or the

last production of a record on a partial or installment basis" as required under

RCW 42.56.550(6). *Tobin*, 156 Wn. App. at 515. The same scenario occurred here.

3

*Belenski v. Jefferson County*, 92161-0
(Johnson, J., dissenting)

Jefferson County's letter indicating there were "no responsive records" failed to satisfy either prong of RCW 42.56.550(6). Clerk's Papers at 214. The county's answer was neither a claim of exemption (as was recently detailed in *Rental Housing Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 199 P.3d 393 (2009)) nor the last production of a record on a partial or installment basis.

The majority rewrites the statute, placing the burden on a public records requester to somehow know when the government's response is false and bring suit to prove it—a fact a requester can rarely establish. Perhaps in this case, based on Belenski's history and experiences with the county, that result makes sense. However, the rule the majority creates is statutorily unsupportable and inconsistent with the statutory purpose and provisions.[1] The county here falsely responded, denying that any responsive records existed. The PRA statute of limitations was

---

[1] The PRA "shall be liberally construed and its exemptions narrowly construed . . . to assure that the public interest will be fully protected." RCW 42.56.030.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Belenski v. Jefferson County*, 92161-0
(Johnson, J., dissenting)

not "triggered" by this false response. The Court of Appeals should be reversed.

_____

Stephen, J.