IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DAVID LEE STRICKLAND, | ) | No. 75203-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| PIERCE COUNTY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | FILED: January 29, 2018 |
| | ) | |

2018 JAN 29 AM 9:08

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

BECKER, J. — This Public Records Act claim against Pierce County for withholding public records was properly dismissed for failure to comply with the one-year statute of limitations. Appellant filed the action more than one year after the county provided an adequate exemption log and completed its production of nonexempt records. The fact that a few responsive documents turned up later does not change this result. The record contains no evidence of deception or bad faith to support equitable tolling of the statute of limitations. And appellant's argument for application of a discovery rule is unsupported both legally and factually.

FACTS

Appellant David Strickland has been incarcerated since 2002 after being convicted of first degree assault in Pierce County. On May 14, 2014, Strickland

made a public records request to the Pierce County Prosecuting Attorney's Office for documents relating to that conviction. Clerk's Papers at 112.

The Public Records Act, chapter 42.56 RCW, requires a response to a request and disclosure of all responsive public records held by the agency. Neigh. All. of Spokane County v. Spokane County, 172 Wn.2d 702, 727, 261 P.3d 119 (2011). Our Supreme Court has condemned the practice of "silent withholding," which occurs when an agency retains a record or portion of a record "without providing the required link to a specific exemption, and without providing the required explanation of how the exemption applies to the specific record withheld." Progressive Animal Welfare Soc'y v. Univ. of Wash. (PAWS II), 125 Wn.2d 243, 270-71, 884 P.2d 592 (1994). "Failure to reveal that some records have been withheld in their entirety gives requesters the misleading impression that all documents relevant to the request have been disclosed." PAWS II, 125 Wn.2d at 270.

> Moreover, without a specific identification of each individual record withheld in its entirety, the reviewing court's ability to conduct the statutorily required de novo review is vitiated.
> The plain terms of the Public Records Act, as well as proper review and enforcement of the statute, make it imperative that all relevant records or portions be identified with particularity. Therefore, in order to ensure compliance with the statute and to create an adequate record for a reviewing court, an agency's response to a requester must include specific means of identifying any individual records which are being withheld in their entirety.

PAWS II, 125 Wn.2d at 270-71.

In this action for penalties and attorney fees under the Public Records Act, Strickland contends the county prosecutor's office impermissibly engaged in silent withholding of several documents related to his conviction, specifically

2

several pages responsive to his request for "scheduling information reflective of plea date held on 5/29/02." Clerk's Papers at 112. Strickland hoped to find documents to support a theory that his conviction was invalid because the judge who entered his conviction was not the judge who orally took his guilty plea. Clerk's Papers at 217; Brief of Appellant at 5.

Pierce County brought a CR 12(b)(6) motion to dismiss the action for failure to comply with the statute of limitations. Clerk's Papers at 491-97. The trial court initially granted the motion, finding that Strickland's complaint was untimely under Greenhalgh v. Department of Corrections, 170 Wn. App. 137, 282 P.3d 1175 (2012). Clerk's Papers at 183-84. Strickland moved to reconsider, arguing in part that his complaint was rendered timely by the doctrine of equitable tolling because he had been denied legal assistance that the Department of Corrections was required to provide to him. Clerk's Papers at 185, 191-92. The court granted reconsideration, stating that "there may be a factual matter germane to this dispute regarding the timing of the release of documents" and "the case law regarding the statute of limitations is complex and the Court desires further briefing from the parties." Clerk's Papers at 204. The matter was reset as a motion for summary judgment. Clerk's Papers at 204.

On April 1, 2016, the trial court heard argument with Strickland participating by telephone. Report of Proceedings at 1-32. The court then entered a second order, again dismissing the case on statute of limitations grounds. The court set forth its reasoning as follows:

3

Findings of Fact

1. On May 14, 2014, Mr. Strickland made a public records request to the Pierce County Prosecuting Attorney's Office (PCPAO) requesting certain records.

2. On June 20, 2014, PCPAO mailed a detailed exemption log to Mr. Strickland that satisfies the requirements of Rental Housing Authority Ass'n., 165 Wn.2d 525 (2009).

3. On July 3, 2014, Mr. Strickland acknowledged receipt of the exemption log.

4. On July 17, 2014, PCPAO mailed to Mr. Strickland a single installment of responsive records.

5. This matter was filed in King County Superior Court on 9/21/2015 or October 6, 2015.

Conclusions of Law

1. This PRA action is barred under the statute of limitations as it was filed more than one year after the agency's claim of exemption and/or after the last and only productions of record under RCW 42.56.550(6).

2. No tolling of the statute of limitations applies.

Clerk's Papers at 303-04. Strickland appeals.

"Judicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520 shall be de novo." RCW 42.56.550(3). The de novo standard is particularly suitable where, as here, the record consists of documentary evidence and it applies on appeal as well as in the trial court. John Doe A. v. Wash. State Patrol, 185 Wn.2d 363, 370-71, 374 P.3d 63 (2016). De novo is also the standard of review for summary judgment, which is an appropriate procedure in Public Records Act litigation. Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 106, 117 P.3d 1117 (2005). Findings of fact and conclusions of law entered by the trial court on summary judgment are superfluous and are not binding. Duckworth v. City of Bonney Lake, 91 Wn.2d 19, 21-22, 586 P.2d 860 (1978).

4

STATUTE OF LIMITATIONS

"Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550(6). The legislature amended this statute in 2005 to reduce the limitations period from five years to one year. LAWS OF 2005, ch. 483, § 5. The record establishes the following dates pertinent to the statute of limitations issue.

On June 20, 2014, the public records officer for the prosecutor's office advised Strickland by letter that there were 750 pages of responsive records, of which 375 pages were exempt from disclosure. Attached to the letter was an exemption log detailing the withheld documents and providing explanations for why they were exempt from disclosure. Clerk's Papers at 119-31.

On July 3, 2014, Strickland sent a letter objecting to the exemptions. This letter also contained his new request for "courthouse surveillance footage" from specific courtrooms in Pierce County. Clerk's Papers at 133-34.

On July 11, 2014, the public records officer wrote to Strickland, notifying him that his objections to exemptions had been reviewed with legal counsel and that no changes would be made. This letter estimated that it would take approximately three weeks to search for records responsive to Strickland's new request. Clerk's Papers at 139-40.

On July 17, 2014, having received payment for the 375 pages and having delivered them, the public records officer wrote to Strickland that his first public

records request was closed. "At this time, I am closing this request for public records in that I have responded to it in full." Clerk's Papers at 137.

On July 24, 2014, the public records officer wrote to Strickland that there were no documents in the prosecuting attorney's office that were responsive to his new request for surveillance footage. Clerk's Papers at 142-43.

On September 22, 2014, Strickland sent a letter seeking documents he believed were missing. Clerk's Papers at 145-46. He said that despite the letter of July 17 from the public records officer claiming that his request had been answered in full, he had not received records of any court proceedings held before January 24, 2003, and this could not be correct because one of the pages produced showed his date of conviction as May 29, 2002. Clerk's Papers at 145. Strickland claimed the missing record of the proceeding on that date was "essential to litigation in my case and will help me prove that I stand unlawfully convicted" of first degree assault. Clerk's Papers at 145. Strickland contends September 22, 2014, is the date his cause of action accrued because only then did he realize there should have been more documents relating to the scheduling of proceedings in the year 2002.

On September 29, 2014, the public records officer responded by letter that "we have already provided you all of the records in the possession of this office that set or scheduled the proceedings listed on the Pierce County Clerk's proceeding pages."

> This office provided you with a snapshot print screen of our database that links to the Pierce County Clerk's proceeding webpage. You in turn, mailed to us a complete list of the Pierce Clerk's proceedings webpage, confirming your knowledge of those

> free access online public records.
>
> I have re-reviewed the records that were released to you on July 17, 2014. Please see pages 52, 97, 191, 249, 251, 327, 328, 331, 332, 340-341, 342, 343, 344, 347. It is noted that these scheduling records are dated between 04/05/02 and 08/16/02. The last eight pages above pre-date 5/29/02.

Clerk's Papers at 171-72.

In the fall of 2015, Strickland brought this public records claim against the county. The parties dispute the exact date the action was commenced. Strickland's complaint is dated "this 20th day of September, 2015 at Walla Walla, Washington." Clerk's Papers at 5. The county contends the date of commencement was October 6, 2015, the date of the file stamp on the complaint received by the court. Clerk's Papers at 2. Strickland contends he filed the case "pursuant to GR 3.1 on September 21, 2015." Brief of Appellant at 4, referring to the trial court's "finding" of that date in the order granting the CR 12(b)(6) motion to dismiss, Clerk's Papers at 184. According to Strickland, September 21, 2015, is the date the complaint "was placed into the legal-mail system at the Washington State Penitentiary." Reply Brief of Appellant at 3.

Prisoners may obtain the benefit of an earlier filing date if the document is "deposited in the institution's internal mail system within the time permitted for filing." GR 3.1(a). If the institution has a system designed for legal mail, "the inmate must use that system to receive the benefit of this rule." GR 3.1(c). Timeliness "may" be shown by a declaration or notarized affidavit that follows the template set forth in the rule, but a declaration is not the exclusive means of proof and if a declaration is used, it need not be filed contemporaneously with the

document being mailed. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 834-35, 226 P.3d 208 (2010).

Because Strickland has not provided a declaration nor has he provided any other proof of mailing except for the self-serving, unverified statement in his brief, there may be merit to Pierce County's argument that Strickland's action commenced on October 6, 2015. But even assuming the date of commencement was September 21, 2015, Strickland fails to establish that his cause of action accrued within the year preceding that date.

As noted above, the statute provides that an action "must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." RCW 42.56.550(6). The county's claim of exemption was provided in the exemption log on June 20, 2014.

An exemption log is a proper claim of exemption that triggers the statute of limitations only if it identifies specific exemptions and notes how they apply to the individual agency record. Rental Hous. Ass'n of Puget Sound v. City of Des Moines, 165 Wn.2d 525, 528-29, 199 P.3d 393 (2009). A broad, generalized claim of exemption will not do. A valid claim of exemption under the act "should include the sort of 'identifying information' a privilege log provides. Indeed, RCW 42.56.210(3) requires identification of a specific exemption and an explanation of how it applies to the individual agency record." Rental Housing, 165 Wn.2d at 538 (citation omitted).

The exemption log provided by the prosecutor's office specifies each document designated as exempt, provides a brief description, and describes the

8

grounds for exemption. Clerk's Papers at 119-31. It satisfies the requirements of Rental Housing.

Strickland contends that even when the agency provides an exemption log that is sufficiently specific under Rental Housing, the statute of limitations does not begin to run if there is an outstanding document that was neither produced nor reported on the exemption log. After comprehensively examining the exemption log and the documents produced on July 17, 2014, Strickland concluded the county must have withheld several records relating to his guilty plea proceeding on May 29, 2002, without identifying a basis for exemption. He contends that the omission of such records means the statute of limitations did not begin to run on June 20, 2014, the date the exemption log was provided, or on July 17, 2014, the date records were produced; indeed, in his view, the statute never began to run.

This argument is refuted by a recent Supreme Court decision, Belenski v. Jefferson County, 186 Wn.2d 452, 455, 378 P.3d 176 (2016). In Belenski, Jefferson County erroneously claimed to have no records responsive to the claimant's public records request. Belenski, 186 Wn.2d at 456-57. The court determined that the statute of limitations began running at the time of the county's "final, definitive response," regardless of whether its claim to have no responsive records was truthful or correct. Belenski, 186 Wn.2d at 461. The county's answer that no responsive records existed put the requester on notice that the county "did not intend to disclose records or further address this request." Belenski, 186 Wn.2d at 461. If the requester was unsatisfied with this

answer, he could sue immediately. There was "no need for him to wait an additional 25 months before bringing his cause of action." Belenski, 186 Wn.2d at 461. The court remanded to allow the trial court to determine whether under the particular facts of the case, the statute of limitations should be equitably tolled. Belenski, 186 Wn.2d at 461.

Here, the production of a valid exemption log on June 20, 2014, and the letter closing the request on July 17, 2014, amounted to a final, definitive agency response that triggered the statute of limitations. We need not decide which of these two agency responses triggered the statute of limitations. Assuming it was the later date of July 17, 2014, and giving Strickland the benefit of the doubt that he is entitled under GR 3.1 to claim the filing date of September 21, 2015, we conclude that more than a year passed before Strickland commenced the action.

## EQUITABLE TOLLING

In his reply brief, Strickland requests a remand to the trial court to consider whether the doctrine of equitable tolling should be applied to make his action timely.

A statute of limitations may be tolled for equitable reasons when the circumstances show bad faith, deception, or false assurances by the defendant, and the exercise of due diligence by the claimant. Millay v. Cam, 135 Wn.2d 193, 205, 955 P.2d 791 (1998); Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 812, 818 P.2d 1362 (1991). In Belenski, the record suggested the possibility of false assurances or bad faith by the county, but it also suggested that the requester had not been diligent in pursuing his claim. Belenski, 186

10

Wn.2d at 461-62. The court remanded to allow the trial court to consider whether equitable tolling should apply. Belenski, 186 Wn.2d at 462.

Because Strickland failed to address equitable tolling in his opening brief before this court, the issue is not properly before us. "An issue raised and argued for the first time in a reply brief is too late to warrant consideration." Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In any event, a remand is not appropriate because the trial court has already considered equitable tolling and has rejected its application in this case.

Strickland contends the county's inequitable conduct is demonstrated by several documents relating to his plea hearing that were not included among the documents the county produced to him on July 17, 2014. These pages, found in the record at Clerk's Papers at 232-36, are scheduling documents listing the proceedings in Strickland's criminal trial dating from April 5, 2002, to March 23, 2003. According to the county, the documents were provided to Strickland in response to his broad discovery request for "proceedings scheduled and noted by the Clerk pursuant to Pierce County Cause No. 02-1-01631-8." Clerk's Papers at 229. The county provided the documents without waiving its objection that the documents were irrelevant because Strickland's litigation was with the prosecutor's office, not the clerk's office. Clerk's Papers at 229; Brief of Respondent at 23. Strickland submitted them as exhibits in a motion for sanctions he filed in February 2015.

The fact that Strickland eventually obtained the documents by requesting discovery of records kept by the clerk's office does not alter the fact that he

deduced the existence of the documents from the records he had already obtained from the prosecutor's office on July 17, 2014. Strickland had the facts that supported his claim of withheld documents when he received the production on July 17, 2014. When a requester obtains copies of records that the agency previously claimed it did not possess, that circumstance, without more, is not sufficient to toll the running of the statute of limitations. Strickland fails to demonstrate inequitable conduct by the county.

DISCOVERY RULE

Strickland also proposes that a discovery rule applies to delay the accrual of his cause of action until September 22, 2014. "'Under the discovery rule, a cause of action accrues when the plaintiff knew or should have known the essential elements of the cause of action.'" Alexander v. Sanford, 181 Wn. App. 135, 151, 325 P.3d 341 (quoting Allen v. State, 118 Wn.2d 753, 757-58, 826 P.2d 200 (1992)), review granted and dismissed, 181 Wn.2d 1022 (2014); see also Douchette, 117 Wn.2d at 813. The county's final, definitive response to Strickland's request occurred no later than July 17, 2014. Strickland contends he did not know he had a cause of action for the withholding of documents "until after comprehensive examination of all the information provided." Brief of Appellant at 4.

A discovery rule is generally applied where "the statute does not specify a time at which the cause of action accrues." Douchette, 117 Wn.2d at 813. There is no authority in the statute or in the case law for applying a discovery rule to actions brought under the Public Records Act, a statute that specifies a

12

limitations period that begins to run, as interpreted in Belenski, at the time of the agency's final, definitive response. And even assuming such authority existed, the exemption log and the county's production of documents in July 2014 provided Strickland with all the facts he needed to make his claim. On September 22, 2014, approximately two months after the documents were produced, he wrote to the county asserting it was obvious that there should have been more documents relating to his guilty plea hearing on May 29, 2002.

Strickland argues that because of his imprisonment and lack of legal knowledge, he needed two extra months to examine the documents and grasp their significance. He contends his cause of action did not accrue until September 22, 2014, the day he wrote to the county asserting that some records were missing that should have been disclosed. That letter makes it clear that the process of comparing the exemption log to the produced documents is what prompted him to write the letter. His opening brief on appeal confirms he is arguing that he discovered his cause of action by "comprehensive in tandem examination of the 11 pages of exemptions and 375 pages of records." Brief of Appellant at 9.

There is no precedent in discovery rule cases for giving a claimant who has discovered all the relevant facts a grace period to become familiar with the law and figure out how it applies to the facts. If it took Strickland 2 months to analyze his claim once he had the facts, he still had 10 months to file his claim within the 1-year statute of limitations. See Belenski, 186 Wn.2d at 461 (if the

requester was unsatisfied with the county's answer, there was "no need for him to wait an additional 25 months before bringing his cause of action.")

We conclude the trial court properly dismissed Strickland's complaint for failure to bring it within the statute of limitations.

Affirmed.

_Becker, J._

WE CONCUR:

_Dwyer, J._      _Schindler, J._