# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DAVID O'DEA, an individual, | No. 56000-3-II |
| Appellant, | |
| v. | |
| CITY OF TACOMA, a public agency; and the CITY OF TACOMA POLICE DEPARTMENT, a public agency, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, J. — David O'Dea was employed by the City of Tacoma Police Department. In August 2016, O'Dea was placed on administrative leave due to his participation in an officer involved police shooting. O'Dea made requests for disclosure of public records related to the shooting investigation. When he received no response, O'Dea sued the City of Tacoma alleging violations of the Public Records Act (PRA). After the suit was filed, the City disclosed responsive documents and closed the request. Additionally, the trial court ordered that the City conduct a further search and identify and produce all results thereof.

In the course of a separate litigation, the City, responding to a discovery request, disclosed materials that were not produced in O'Dea's earlier PRA request. Again, O'Dea sued, alleging that the City withheld responsive documents in violation of the PRA. O'Dea also alleged an independent claim for "fraud on the court." The trial court granted summary judgment in the City's favor and dismissed the case.

O'Dea appeals the trial court's order granting the City's motion for summary judgment and asks us to remand the case to the trial court for further proceedings. O'Dea argues that the trial court erred when it granted summary judgment because (1) the City committed fraud on the court, (2) the statute of limitations had not run on the PRA claim, and (3) equitable tolling should apply to the City's failure to timely produce documents.

Because there is an issue of material fact as to whether the allegedly missing materials fall into the set of documents included in the PRA request, we reverse the summary judgment order and remand to the trial court.

FACTS

I.    BACKGROUND

O'Dea was employed by the City of Tacoma Police Department. In August 2016, O'Dea fired multiple shots at a car whose driver was trying to flee a group of officers. In the course of investigating his conduct, the Department placed O'Dea on administrative leave.

II.    O'DEA'S PRA REQUEST

After being placed on leave, O'Dea made requests for disclosure of public records related to the shooting investigation. Relevant here, O'Dea made a public records request on March 28, 2017. The March 28 PRA request included a request for training directives, special orders that addressed the use of force, and data about the trainings. The City did not respond to O'Dea's PRA request, claiming it never received any PRA request from O'Dea. On November 9, 2017, O'Dea filed a complaint alleging the City violated the PRA (*O'Dea* I).[1]

---

[1] This case, Pierce County Cause Number 17-2-13016-3, was appealed and this court issued its part published opinion on August 24, 2021, under case number 53613-7-II. *See O'Dea v. City of Tacoma*, 19 Wn. App. 2d 67, 493 P.3d 1245 (2021).

Meanwhile, on May 11, 2018, while *O'Dea* I was still pending, O'Dea sued the City of Tacoma for wrongful termination (*O'Dea* II).[2]  While *O'Dea* II is not before us, during discovery in *O'Dea* II, O'Dea propounded requests for production of documents on the City.

On October 2, 2018, the City disclosed its final installment of records in response to O'Dea's PRA request.  The production of records was handled by Lisa Anderson, a Public Disclosure Analyst who works for the City.  A letter accompanying the final installment read: "This request is now closed.  However, if you feel there are additional records or this does not meet the scope of your request, please contact me immediately."  Clerk's Papers (CP) at 48.

On February 6, 2019, after a merits hearing, the trial court held that the City had notice of the March 2017 PRA request, that the City violated the request, and that the prior search the City conducted for records was inadequate.  O'Dea was awarded penalties for the violation. Additionally, the court ordered the City to disclose all results of a further search within 30 days.

Subsequently, on April 3, 2019, before the trial court issued its final judgment, O'Dea filed a motion to compel discovery and a motion for additional penalties for yet more documents he claimed had not yet been produced.  Following this motion and after the February 6 trial court decision, the City located additional documents and provided them to O'Dea on April 25, 2019. The trial court held that while the prior search was inadequate, the City's subsequent search pursuant to the court's order was adequate.

On May 15, 2019, the Department's legal advisor, Michael Smith, filed a declaration in *O'Dea* I, stating that all records had been produced.  Specifically, the declaration stated: "To the best of my knowledge, the City has produced all Training Directives and Special Directives which relate to the use or application of force by [Tacoma Police Department] officers."  CP at 181-82.

---

[2] Pierce County Cause Number 18-2-08048-2.

The trial court issued a final judgment against the City on June 28, 2019. The City appealed; this became *O'Dea* I.

III.     TRAINING DIRECTIVES

On September 30, 2019, in response to discovery requests in *O'Dea* II, the City produced training directives that, according to O'Dea, had previously been requested via his PRA request in *O'Dea* I, but not disclosed.

On January 29, 2020, O'Dea filed a motion to reopen the June 28, 2019 judgment filed in *O'Dea* I. The trial judge questioned whether she could consider the motion because she was not the judge who entered the June 28, 2019 judgment and the judgment was currently on appeal. O'Dea requested that the original trial judge retain jurisdiction. The original trial judge declined and the parties did not pursue the motion further.

On September 29, 2020, O'Dea filed a complaint (*O'Dea* III)[3, 4] related to the City's failure to produce documents pursuant to the trial court's previous order in *O'Dea* I, and also alleged a claim of "fraud on the court" related to Smith's declaration. CP at 116.

The City filed a motion for summary judgment to dismiss *O'Dea* III based on violation of the statute of limitations, the impermissibility of O'Dea's fraud on the court claim, and on impermissible claim splitting. The court granted the City's summary judgment motion.

In the present case, *O'Dea* III, O'Dea appeals the order granting the City's motion for summary judgment dismissal of his claims.

---

[3] Pierce County Cause Number 20-2-07838-2.

[4] For reasons immaterial to this appeal, additional procedural wrangling occurred resulting in a new lawsuit under cause no. 20-2-08594-0 (*O'Dea* IV). *O'Dea* IV was consolidated into *O'Dea* III.

4

ANALYSIS

I.    STANDARD OF REVIEW

"Grants of summary judgment are reviewed de novo, and we engage in the same inquiry as the trial court." *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 715, 261 P.3d 119 (2011). Summary judgment is appropriate "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c). "We review all evidence and reasonable inferences in the light most favorable to the nonmoving party and consider only the evidence that was brought to the trial court's attention." *O'Dea v. City of Tacoma*, 19 Wn. App. 2d 67, 79, 493 P.3d 1245 (2021).

II.    PUBLIC RECORDS ACT

A.    Legal Principles

We review challenges to agency actions under the PRA de novo. RCW 42.56.550(3). "The PRA is a 'strongly-worded mandate for broad disclosure of public records.'" *Resident Action Council v. Seattle Hous. Auth.*, 177 Wn.2d 417, 431, 327 P.3d 600 (2013) (quoting *Hearst Corp. v. Hoppe*, 90 Wn2d 123, 127, 580 P.2d 246 (1978)). It requires governmental agencies to "'make available for public inspection and copying all public records, unless the record falls within the specific exemptions [of the PRA].'" *Rental Hous. Ass'n of Puget Sound v. City of Des Moines*, 165 Wn.2d 525, 535, 199 P.3d 393 (2009) (quoting RCW 42.56.070(1)).

"The PRA's primary purpose is to foster governmental transparency and accountability by making public records available to Washington's citizens." *John Doe A v. Wash. State Patrol*, 185 Wn.2d 363, 371, 374 P.3d 63 (2016). The PRA mandates that its provisions "shall be liberally construed" to promote full access to public records. RCW 42.56.030; *John Doe A*, 185 Wn.2d at 371.

B.    Statute of Limitations

The PRA establishes a one-year statute of limitations for judicial review of agency actions. RCW 42.56.550(6) provides that "[a]ctions under [the PRA] must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." "Our Supreme Court has held that this section reveals the legislature's intent to impose a one year statute of limitations 'beginning on an agency's final, definitive response to a public records request.'" *Dotson v. Pierce County*, 13 Wn. App. 2d 455, 470, 464 P.3d 563 (2020) (quoting *Belenski v. Jefferson County*, 186 Wn.2d 452, 460, 378 P.3d 176 (2016)). This final response includes a letter sent to the requester notifying him or her that the request has been closed. *Dotson*, 13 Wn. App. 2d at 471. Subsequent productions of records do not modify the date of the final, definitive response. *See, e.g.*, *Id.* at 469.

O'Dea argues that the trial court erred by concluding that the statute of limitations commenced on the date of the City's closing letter (October 2, 2018). He asserts instead that due to application of the equitable tolling doctrine, the statute of limitations should have commenced on the date that the City produced the training directives in the *O'Dea* II wrongful termination case (September 30, 2019). Specifically, he asserts that because the statute of limitations would not have commenced until September 30, 2019, the date the directives were produced, and the present lawsuit on appeal before us was initiated on September 29, 2020, the suit is timely because it was initiated within one year of the limitations period commencing. We disagree because there are issues of fact precluding a determination of whether equitable tolling applies.

II.    EQUITABLE TOLLING

O'Dea argues that even if the statute of limitations has run on the PRA claim, equitable tolling should apply because the City acted deceptively in claiming it had produced all of the

requested documents. We hold that issues of fact remain that preclude a determination on the application of equitable tolling.

A.      Legal Principles

"Although we give deference to the trial court's factual determinations, we review a decision of whether to grant equitable relief de novo." *Trotzer v. Vig*, 149 Wn. App. 594, 607, 203 P.3d 1056 (2009).

"Equitable tolling permits a court to allow an action to proceed when justice requires it, even though a statutory time period has nominally elapsed." *Price v. Gonzalez*, 4 Wn. App. 2d 67, 75, 419 P.3d 858 (2018). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 206, 955 P.2d 791 (1998). Washington courts have applied the false assurances prong in narrow circumstances and have appeared to require a showing that the defendant "made a deliberate attempt to mislead." *Price*, 4 Wn. App. 2d at 76. Furthermore, "[i]n Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations." *Millay*, 135 Wn.2d at 206.

"Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *Price*, 4 Wn. App. 2d at 76. "The party asserting that equitable tolling should apply bears the burden of proof." *Nickum v. City of Bainbridge Island*, 153 Wn. App. 366, 379, 223 P.3d 1172 (2009).

B.      There is a Material Issue of Fact as to Whether Equitable Tolling Applies

O'Dea alleges that Smith's declaration in *O'Dea* I was deceptive and should trigger the doctrine of equitable tolling. Smith's declaration, in response to O'Dea's declaration in support of the motion to compel, stated: "To the best of my knowledge, the City has produced all Training

7

Directives and Special Directives which relate to the use or application of force by [Tacoma Police Department] officers." CP at 181-82. O'Dea argues that the filing of this declaration intentionally and fraudulently attempted to deceive the court by stating a full search had been completed when it had not, and O'Dea points to the City's production of training directives on September 30, 2019, which O'Dea claims was responsive to its PRA request, as evidence supporting its argument.

Based on the evidence in the record, there is an issue of material fact as to whether the document in question was required to be produced pursuant to O'Dea's PRA request. The accuracy of Smith's declaration depends, at least in part, on whether the missing document should have been included in O'Dea's March 2017 PRA request. The trial court never made a determination on whether the training directives produced on September 30, 2019 in *O'Dea* II should have been produced in response to O'Dea's March 2017 PRA request. For O'Dea's allegations of false assurances to have any traction, the materials in question must have been subject to the March 2017 PRA request.

Typically, an issue regarding the statute of limitations would be dealt with early in a case before reaching the merits. However, the application of equitable tolling is factual in nature and the factual determinations discussed above must be resolved before we can analyze the applicability of equitable tolling.

IV.   REMAINING ISSUES ON APPEAL

Because material issues of fact preclude summary judgment, we do not reach the other issues raised on appeal.

CONCLUSION

We reverse the trial court's order granting the City's motion for summary judgment and remand to the trial court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Lee, J.

Cruser, A.C.J