# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| SHELDON SOULE, an individual,<br><br>Appellant,<br><br>v.<br><br>STATE OF WASHINGTON BY AND THROUGH BOB FERGUSON AND HIS OFFICE OF ATTORNEY GENERAL, a public agency, | No.  58559-6-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Sheldon Soule appeals the superior court's order granting summary judgment in favor of the Attorney General's Office (AGO) and dismissing Soule's complaint for violations of the Public Records Act (PRA), chapter 42.56 RCW, based on the statute of limitations.  Soule argues that the superior court erred by granting the AGO's motion for partial summary judgment because the AGO's "administrative closure" did not trigger the statute of limitations.  Soule also argues that he is entitled to penalties, costs, and attorney fees for the superior court proceedings and on appeal.

We agree the superior court erred by granting the AGO's motion for partial summary judgment.  However, Soule's request for penalties, costs, and attorney fees is premature, and we defer any determination on penalties, costs, and attorney fees to the superior court.  Accordingly, we reverse and remand to the superior court for further proceedings consistent with this opinion.

FACTS

Between July 2019 and January 2020, Soule filed three public records requests with the AGO.

Soule's first public records request was filed on July 29, 2019. The AGO assigned this request tracking number PRR 2019-0560. The AGO responded to this request in installments. When each installment was ready, the AGO sent Soule an e-mail notifying him that the records were ready and would be sent upon receipt of payment. Each e-mail contained the following language,

> Please be advised, if a requester does not claim or review the requested documents, the request is considered fulfilled and can be closed. Please also be advised, if we do not receive your payment on or before [date], your request will be administratively closed for non-payment.

Clerk's Papers (CP) at 54. On April 30, 2021, the AGO sent Soule an e-mail with the above language notifying him that the tenth installment was ready and if payment was not received by May 28, the request would be administratively closed. Soule did not send the payment and the AGO closed the request on June 1, the next business day following May 28.

Soule's second public records request was filed on December 16, 2019, and was assigned tracking number PRR 2019-0903. The AGO again responded to the request in installments. On October 12, 2021, the AGO sent Soule an e-mail informing him, with the same language as the other e-mails, that the eighth installment was ready and if payment was not received by November 12, the request would be administratively closed. Soule did not send payment for this installment, and the AGO closed the request following the close of business on November 12.

Soule's third public records request was filed on January 3, 2020, and was assigned tracking number PRR 2020-0009. The AGO responded with 17 installments. Soule submitted payment for each installment, and the AGO closed the request as fulfilled on May 13, 2022.

On June 7, 2022, Soule e-mailed the AGO asking if all three of his record requests were completed. The next day, the AGO responded with an e-mail that explained:

> [PRR 2019-0560]
> On April 30, 2021, you were notified by email that a batch of records was ready for disclosure with payment due by May 28, 2021. When no payment was received by the due date, the request was administratively closed for non-payment and work was stopped. Batch 10 remains ready for disclosure. If you wish to receive these records, you will need to submit payment in the amount of $4.09 for a CD [compact disc] or $6.34 for a USB [universal serial bus] Thumb Drive. Please note that the request will remain closed even if payment for Batch 10 is received.
>
> [PRR 2019-0903]
> On October 10, 2021, you were notified by email that a batch of records was ready for disclosure with payment due by November 12, 2021. When no payment was received by the due date, the request was administratively closed for non-payment. Batch 8 was the final batch for this request and remains ready for disclosure. If you wish to receive these records, you will need to submit payment in the amount of $4.09 for a CD or $6.34 for a USB Thumb Drive.

CP at 98. Soule submitted the required payments and the AGO produced batch 10 of PRR 2019-0560 and batch 8 of PRR 2019-0903. After producing the records, the AGO again informed Soule that both requests were considered closed.

On May 12, 2023, Soule filed a complaint alleging the AGO violated the PRA in all three of his PRA requests. The AGO filed a motion for partial summary judgment, arguing that Soule's claims based on PRR 2019-0560 and PRR 2019-0903 should be dismissed based on the statute of limitations. Specifically, the AGO argued that the statute of limitations began running on the date the requests were closed due to Soule's non-payment.

The superior court granted the AGO's motion for partial summary judgment and dismissed the claims related to PRR 2019-0560 and PRR 2019-0903. The superior court designated the order granting partial summary judgment as a final order.

Soule appeals.

## ANALYSIS

Soule argues that the superior court erred by granting the AGO's motion for partial summary judgment because the AGO's administrative closure did not trigger the statute of limitations. Soule also argues that he is entitled to penalties, costs, and attorney fees for the superior court proceedings and on appeal.

We agree the superior court erred by granting the AGO's motion for partial summary judgment. However, Soule's request for penalties, costs, and attorney fees is premature, and so we defer any determination on penalties, costs, and attorney fees to the superior court. Accordingly, we reverse and remand to the superior court for further proceedings consistent with this opinion.

A. STATUTE OF LIMITATIONS

Soule argues that his PRA claims related to PRR 2019-0560 and PRR 2019-0903 are not barred by the statute of limitations because the warning that future non-payment would result in an administrative closure of a requester's PRA request was insufficient to trigger the statute of limitations. We agree.

We review orders granting summary judgment de novo and engage in the same inquiry as the superior court. *Neigh. All. of Spokane County v. Spokane County*, 172 Wn.2d 702, 715, 261 P.3d 119 (2011).

4

The PRA includes a one-year statute of limitations. RCW 42.56.550(6). The statute of limitations in the PRA begins to run when an agency gives a final, definitive response to a public records request. *Belenski v. Jefferson County*, 186 Wn.2d 452, 457, 461, 378 P.3d 176 (2016); *Cousins v. State*, ___ Wn.3d ___, 546 P.3d 415, 429-30 (2024). "[T]o constitute a final, definitive response, the agency's response must be objectively sufficient to put a reasonable, nonattorney requester on notice that the one-year limitations period has started to run because the agency does not intend to disclose additional records or further address the request." *Cousins*, 546 P.3d at 430-31; *see also Belenski*, 186 Wn.2d at 461 (A final, definitive response is a response that is sufficient to put a requester "on notice that [the agency] did not intend to disclose records or further address this request."). "The final, definitive response test is an objective inquiry, so the agency's subjective intent and the requester's subjective understanding are not relevant." *Cousins*, 546 P.3d at 426.

The final, definitive response test effectuates "the legislature's intent to establish a 'theme of finality . . . for all possible responses under the PRA, not just the two expressly listed in RCW 42.56.550(6).' "[1] *Id.* at 427 (alteration in original) (quoting *Belenski*, 186 Wn.2d at 460). Therefore, the final, definitive response test applies in all cases, not just when the agency has taken an action that fits within the examples listed in RCW 42.56.550(6). *Id.* at 430. And the final, definitive response test balances "the PRA's strong mandate for broad public disclosure with the need for certainty and finality in PRA actions." *Id.* at 428.

---

[1] The specific examples referenced in RCW 42.56.550(6) are the agency's claim of exemption or the last production of records produced on an installment basis.

In this case, we must determine whether the AGO's notification that failure to pay would result in administrative closure was sufficient to satisfy the final, definitive response test. We conclude it was not. The AGO's e-mails were not sufficient to put a reasonable, non-attorney requester on notice that administrative closure of the request due to non-payment meant that the agency would no longer take action on the request or provide further records. Although the e-mails stated that the request would be "administratively closed" if payment was not received, nothing in the e-mails defined administrative closure or explained the practical or legal consequences of administrative closure. Further, classifying the closure as *administrative* creates additional ambiguity because it is unclear if this is somehow distinct from a general closure. Because the e-mails were not clear that administrative closure resulted in the agency no longer taking action on the request or no longer providing records, neither the AGO's e-mails notifying Soule that the request would be administratively closed for non-payment nor the subsequent administrative closure satisfied the final, definitive response test to trigger the statute of limitations.[2]

Accordingly, the superior court erred by granting the AGO's motion for partial summary judgment dismissing Soule's PRA claims.

---

[2] Our holding is grounded in *Belenski's* final definitive response test and is not dependent on our Supreme Court's recent decision in *Cousins*. Considering these events preceded *Cousins* and our Supreme Court suggested that some aspects of its holding in *Cousins* may have limited retroactive application, we do not address whether a closure letter based on a future contingency could satisfy all aspects of *Cousins'* requirements for a closure letter to trigger the statute of limitations.

B. PENALTY, COSTS, AND ATTORNEY FEES

Soule also argues that he is entitled to penalties, costs, and attorney fees for the superior court proceedings and on appeal. We disagree.

We will award attorney fees under RAP 18.1 if applicable law entitles a party to recover attorney fees. RAP 18.1(a). RCW 42.56.550(4) provides,

> Any person who prevails against any agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

Here, Soule presents extensive argument that the PRA requires the AGO to take action such as notifying a requestor that they missed a payment or providing an opportunity for a requester to cure a missed payment. Our holding is narrowly limited to whether the AGO's administrative closure of Soule's requests due to non-payment was a final, definitive response that was sufficient to trigger the statute of limitations. We take no position on whether any of the AGO's actions violated the PRA. Therefore, at this point, Soule has not prevailed against the agency regarding the right to inspect or copy a public record as required under RCW 42.56.550(4), and so the request for penalties, costs, and attorney fees is premature. Accordingly, we defer the request for penalties, costs, and attorney fees to the superior court on remand.

CONCLUSION

The superior court erred by granting the AGO's motion for partial summary judgment. However, Soule's request for penalties, costs, and attorney fees is premature and so we defer any

determination on penalties, costs, and attorney fees to the superior court. Accordingly, we reverse and remand to the superior court for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

GLASGOW, J.