[No. 57558-4.   En Banc.   November 14, 1991.]

ALBERTA DOUCHETTE, *Petitioner*, v. BETHEL SCHOOL DISTRICT NO. 403, ET AL, *Respondents*.

806

*Robert A. Izzo,* for petitioner.

*William A. Coats, Kane Vandeberg Hartinger & Walker,* and *James R. Verellen,* for respondents.

UTTER, J. — Alberta Douchette sued the Bethel School District, claiming she was wrongfully discharged, discriminated against by virtue of her age, and that her civil rights were violated. The trial court denied a motion for summary judgment brought by the School District. On appeal, the Washington State Court of Appeals reversed and dismissed the complaint. On this appeal, we are asked to decide whether equitable grounds exist which toll the applicable statutes of limitation. We find equitable grounds do not exist which justify a tolling of the statutes of limitation and affirm the Court of Appeals, with some modifications.

I

In 1979, the Bethel School District (District) hired Alberta Douchette, then 61 years of age, as Supervisor of Accounting Services. Douchette claims she received good evaluations from her supervisor. In 1982, this supervisor was replaced by another. Douchette alleges this second supervisor told her she was too old to work and should retire, and that if she did not resign, she would be fired. She further alleges he made her working conditions intolerable, so much so that she became ill and collapsed on the job in January 1983.

Following her collapse, Douchette did not return to work. On February 16, she submitted a letter of resignation to the school board. In her letter, Douchette stated her resignation was to be effective March 15. Although she intended to return to work in the interim, she was unable to do so. The school board accepted her resignation on February 22. Douchette claims she was not aware of the board's decision until sometime in April. She further alleges one of the board members informed her she should contact the Equal

Employment Opportunity Commission (EEOC). Douchette contacted the EEOC on June 30, 1983, and filed a claim on August 3, 1983.

Douchette filed the present action on March 17, 1986. She alleged the following causes of action: wrongful discharge; age discrimination in violation of both state law (RCW 49.60) and federal law (29 U.S.C. § 623); violation of her civil rights under 42 U.S.C. § 1983; and the tort of outrage.

The District filed a motion to dismiss and in the alternative for summary judgment. It argued all of the claims were subject to 2- to 3-year statutes of limitation, and since Douchette filed this action more than 3 years after termination of her employment, her claims were all time barred. The trial court reviewed all of the pleadings and affidavits and found there were material questions of fact as to the date on which the causes of action accrued. Therefore, the court denied the District's motion. The District moved for reconsideration, which motion was also denied.

The District sought discretionary review in the Court of Appeals. The court accepted review, reversed the trial court and dismissed the complaint. *Douchette v. Bethel Sch. Dist. 403*, 58 Wn. App. 824, 795 P.2d 162 (1990). We affirm the Court of Appeals, with some modifications.

## II

■ ■ This appeal arises upon a denial of a motion for summary judgment. Generally, denial of a summary judgment motion is not an appealable order under RAP 2.2(a), and discretionary review is not ordinarily granted. However, it may be granted where "the superior court has committed an obvious error which would render further proceedings useless; . . .". RAP 2.3(b)(1); *Sea-Pac Co. v. United Food & Comm'l Workers Local Union 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985). Review may also be granted to avoid a useless trial. *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). Summary judgment is proper if the pleadings and affidavits show there is no genuine issue as to any

material fact and the nonmoving party is entitled to judgment as a matter of law. CR 56(c); *Hartley,* 103 Wn.2d at 774. In reviewing a motion for summary judgment, the court takes the position of the trial court, assuming facts most favorable to the nonmoving party. 103 Wn.2d at 774.

The trial court found a material question of fact existed as to whether Douchette's actions are time barred. Douchette acknowledges her claims are generally subject to a 3-year statute of limitation, and she appears to acknowledge her claim for outrage is subject to a 2-year limitation.[1] Douchette does not dispute that more than 3 years has elapsed between the accrual of her claims and the filing date of this action. However, she contends the applicable statutes were either tolled or extended. Based on the record, we find there is no material question of fact present in this case which precludes our determination of whether Douchette's claims are barred by the applicable statutes of limitation.

### III

■ The statute of limitation for actions involving discrimination under RCW 49.60.180 is 3 years. *Nearing v. Golden State Foods Corp.,* 114 Wn.2d 817, 820, 792 P.2d 500 (1990) (racial discrimination); *Lewis v. Lockheed Shipbuilding & Constr. Co.,* 36 Wn. App. 607, 613, 676 P.2d 545 (1984) (disability and/or racial discrimination).[2] Claims

---

[1]The Court of Appeals listed the following limitation periods, which have not been challenged: claims under RCW 49.60 must be filed within the 3-year limitation of RCW 4.16.080, *Lewis v. Lockheed Shipbuilding & Constr. Co.,* 36 Wn. App. 607, 613, 676 P.2d 545 (1984); claims based on the age discrimination in employment act must be commenced within 2 years, except that claims for willful violations may be commenced within 3 years, 29 U.S.C. § 626(e), § 255; in Washington, claims under 42 U.S.C. § 1983 must be filed within 3 years, *Rose v. Rinaldi,* 654 F.2d 546, 547 (9th Cir. 1981); claims for wrongful discharge are subject to the 3-year statute of limitations under RCW 4.16.080; and the tort of outrage is subject to a 2-year limitation, *Rayburn v. Seattle,* 42 Wn. App. 163, 709 P.2d 399 (1985), *review denied,* 105 Wn.2d 1007 (1986). *Douchette,* 58 Wn. App. at 826 n.1.

[2]RCW 4.16.080(2) provides: "[a]n action for . . . any other injury to the person or rights of another" not otherwise enumerated in the act must be brought within 3 years.

based on the Age Discrimination in Employment Act of 1967 (ADEA)[3] must be commenced within 2 years, except that claims for willful violations may be commenced within 3 years. 29 U.S.C. § 626(e), § 255. Washington courts have not addressed the question of when the statute of limitation for age discrimination begins to run. The prevailing federal rule holds the statute of limitation for claims under the ADEA begins when the discriminatory acts occur, not when the consequences of the acts manifest themselves. *Delaware State College v. Ricks*, 449 U.S. 250, 66 L. Ed. 2d 431, 101 S. Ct. 498 (1980). The question we must address is when the various claims accrued. Douchette claims equitable grounds exist which toll the statutes of limitation on her age discrimination claims. She makes two arguments in support of this claim.

## A

Douchette first asks us to establish a general rule allowing the tolling of the statute of limitation in discrimination cases, where equitable grounds exist. She argues the alleged failure of the District to post the required notice of her rights under federal law justifies a tolling of the applicable statutes in her case.[4] The United States Supreme Court has recognized that the filing period for *administrative* claims brought before the EEOC may be equitably tolled. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 71 L. Ed. 2d 234, 102 S. Ct. 1127 (1982). There, the Court stated: "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." 455 U.S. at 393.

---

[3]29 U.S.C. § 621 *et seq.* (1976).

[4]The parties dispute whether the District complied with the federal notice requirement by posting notices to employees of their rights under the federal act. Douchette asserts she received no notice until she contacted the EEOC in June 1983. The District asserts it complied with the notice requirement by posting the required notice in its administrative offices. It further asserts it provided Douchette a copy of the District's nondiscrimination policy.

Douchette asks us to extend the doctrine to the filing of court actions.

The Court of Appeals declined to do so, finding the doctrine did not apply to statutory limitations for the filing of civil lawsuits. 58 Wn. App. at 829. We disagree. While equitable grounds do not exist in the present case, we do not rule out the possibility there may be cases in which the filing deadline for a discrimination action may be equitably tolled. The United States Court of Appeals for the Third Circuit has stated: "the ADEA is remedial and humanitarian legislation which should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment." *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187, 193 (3d Cir. 1977).

While this case does not involve filing requirements under the ADEA,[5] the federal cases provide helpful analysis. In *Perazzo v. Top Value Enters., Inc.*, 590 F. Supp. 428 (S.D. Ohio 1984), the court set forth several factors which should be considered in determining whether a filing deadline (with the EEOC) is equitably tolled: (1) lack of notice of the filing requirement; (2) lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to defendants; and (5) plaintiff's reasonableness in remaining ignorant of the notice requirement. 590 F. Supp. at 433. To this list we add two more factors: claimant's reliance on deception or false assurances on the part of the employer against whom the claim is made; and claimant's reliance on authoritative statements made by the administrative agency that misled claimant about the nature of her rights. *See Copeland v. Desert Inn Hotel*, 99 Nev. 823, 826, 673 P.2d 490 (1983) (court allowed equitable tolling of statute of limitation because claimant was misled by the Nevada Equal Rights Commission).

■ While the parties dispute whether proper notice was given, it is clear Douchette had actual notice of her legal remedy by June 1983 and timely filed a claim with the EEOC in August 1983. Nothing in the record indicates what

---

[5] Douchette timely filed her EEOC claim.

action, if any, was taken on this claim.[6] Douchette did not file the present action until more than 3 years after she gave the District her notice of resignation. Douchette has failed to act diligently in pursuing her legal remedy. Furthermore, she has failed to show bad faith, deception or false assurances on the part of the District. In the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff, equity cannot be invoked. Finally, Douchette was aware of her legal remedy within 6 months of the alleged discriminatory acts, and she does not claim the EEOC misled her as to her rights. It was unreasonable for her to have waited 3 years to file this action.

In deciding whether to grant an equitable remedy, courts often "balance the equities" between the parties, taking into consideration the relief sought by the plaintiff and the hardship imposed on the defendant.[7] In balancing the equities in a decision to allow an equitable tolling of the statute of limitation in a wrongful death action, the Supreme Court of the State of Arizona noted: "Equitable tolling is appropriate when it would effectuate: 1) the policies underlying the statute, and 2) the purposes underlying the statute of limitations." *Hosogai v. Kadota*, 145 Ariz. 227, 231, 700 P.2d 1327 (1985).

In the present case, the policy underlying the antidiscrimination statutes is three pronged: to promote employment of older persons based on ability rather than age; to prohibit arbitrary age discrimination in employment; and to help employers and workers find ways of meeting problems arising from the impact of age on employment. Comment, *Age Discrimination in Employment: A Comparison of the Federal and Washington State Statutory Require-*

---

[6]If the EEOC had actively been pursuing some type of nonjudicial resolution of the complaint, there might be a valid reason to toll the statute of limitation. Thus we do not rule out the possibility for future cases that equitable grounds might exist which justify a tolling of the statute of limitation in a discrimination case.

[7]27 Am. Jur. 2d *Equity* § 107 (1966).

*ments and Recent Developments*, 16 Gonz. L. Rev. 637, 639 (1981). The policy behind statutes of limitation is "protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded." *Hosogai*, 145 Ariz. at 232 (quoting *Brooks v. Southern Pac. Co.*, 105 Ariz. 442, 444, 466 P.2d 736 (1970).

In balancing the equities in the present case, we find Douchette had ample opportunity and time to pursue her remedy through the EEOC and the courts. The hardship to be imposed upon the District is the prejudice arising from the fact that 3 years have elapsed since the events at issue occurred. Witnesses may no longer be available, memories have faded, and relevant evidence may no longer be obtainable. Therefore, equitable grounds do not exist which justify a tolling of the statutes of limitation for Douchette's discrimination claims.

## B

As a second argument, Douchette asks us to extend the "discovery rule" to discrimination claims. The discovery rule postpones the accrual of a cause of action and is traditionally applied in negligence cases. Where the statute does not specify a time at which the cause of action accrues, the general rule of law is that an action accrues when the plaintiff discovers or reasonably should discover all the essential elements of a cause of action. *White v. Johns-Manville Corp.*, 103 Wn.2d 344, 351, 693 P.2d 687, 49 A.L.R.4th 955 (1985); *Ohler v. Tacoma Gen. Hosp.*, 92 Wn.2d 507, 511, 598 P.2d 1358 (1979). Under the discovery rule, Douchette argues, her claim accrued in June 1983 (at which time she became aware of all the facts giving rise to her claim), rather than on February 15, 1983 (the last date on which the alleged discriminatory acts could have occurred).

Douchette contends that because she believed an employer could fire an employee based on age, she was not aware of all the elements of her cause of action until she

contacted the EEOC. The discovery rule does not require knowledge of the existence of a legal cause of action itself, but merely knowledge of the facts necessary to establish the elements of the claim. *Gevaart v. Metco Constr., Inc.*, 111 Wn.2d 499, 760 P.2d 348 (1988). In Washington, the elements of a prima facie case of age discrimination under state law are substantially the same as those established by federal decisions under the ADEA. *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 361, 753 P.2d 517 (1988). In *Grimwood*, we listed four elements sufficient to make out a prima facie case of age discrimination: that the employee (1) was within the statutorily protected age group; (2) was discharged; (3) was doing satisfactory work; and (4) was replaced by a younger person. 110 Wn.2d at 362.

Douchette alleged her supervisor told her she was too old to work and should retire, and that if she did not resign, she would be fired. Thus, while Douchette may not have known she had a legal claim for age discrimination, she was aware that the supervisor treated her differently because of her age. The record further reveals that at the time of her discharge, Douchette had knowledge of facts which established the other elements. She claims she was constructively discharged, and that she was doing satisfactory work before this supervisor began harassing her. In her complaint filed with the EEOC, Douchette stated she was replaced by a younger person. Thus, it appears from the record Douchette was aware of all the relevant facts giving rise to her cause of action at the time of her discharge.

> In determining whether to apply the discovery rule, the possibility of stale claims must be balanced against the unfairness of precluding justified causes of action. That balancing test has dictated the application of the rule where the plaintiff lacks the means or ability to ascertain that a wrong has been committed.

(Citations omitted.) *U.S. Oil & Ref. Co. v. Department of Ecology*, 96 Wn.2d 85, 93, 633 P.2d 1329 (1981). Not only was Douchette aware of the facts giving rise to her cause of action at the time of her discharge, she has not claimed she

lacked the means or ability to pursue her remedy through either the EEOC or the courts. There is no reason to apply the discovery rule to this case.

## IV

■ Finally, Douchette contends her wrongful discharge claim did not accrue until the effective date of her letter of resignation, March 15, 1983. Citing *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 233, 685 P.2d 1081 (1984), she contends that her claims include one for the common law tort of wrongful discharge (in this case a constructive discharge) because she was discharged for a reason that contravenes a clear mandate of public policy, namely, age discrimination.[8] Therefore, she argues, her claim for a constructive discharge based on discrimination did not accrue when the claimed discriminatory acts occurred. Rather, the claim accrued on the effective date of her resignation, since a discharge must occur before the claim accrues.

The Court of Appeals rejected this argument, citing *Lowell v. Glidden-Durkee, Div. of SCM Corp.*, 529 F. Supp. 17 (N.D. Ill. 1981). 58 Wn. App. at 827-28. The court found the situation in *Lowell* was "identical". Lowell filed an action for constructive discharge and sex discrimination under Title VII of the Civil Rights Act of 1964. In order to file such a claim in federal court, a plaintiff must first *timely* file a claim with the EEOC. Lowell alleged the statute of limitation for filing with the EEOC began running on the date she was constructively discharged. She argued this date was determined by looking at the "effective date" of her

---

[8]The District asserts such a claim does not even exist. It argues because RCW 49.60 provides a sufficient remedy, there is no need for a common law tort remedy for wrongful discharge under the public policy exception in *Thompson*. We have not yet decided whether an employee may have such a common law remedy in addition to the statutory remedy. *See Bennett v. Hardy*, 113 Wn.2d 912, 923, 784 P.2d 1258 (1990) and *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d at 367. In determining the cause of action for wrongful discharge accrued on February 15, 1983, the Court of Appeals assumed such an action exists. *See* 58 Wn. App. at 827-28. Because neither Douchette nor the lower courts addressed the issue and because we determine the cause of action, if any, accrued February 15, 1983, we do not decide the issue in this case.

resignation. The federal court declined to adopt this argument. Instead, the court found the statute commenced running on the last possible date on which the unlawful employment practice occurred, and that date was the day plaintiff gave notice of her resignation. 529 F. Supp. at 19.

The *Lowell* court found support for its decision in *Delaware State College v. Ricks*, 449 U.S. 250, 66 L. Ed. 2d 431, 101 S. Ct. 498 (1980), in which the Supreme Court held that claims for employment discrimination accrue when notice of termination is communicated to the employee. 449 U.S. at 258. The Court reasoned: "Mere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." 449 U.S. at 257. *See also Chardon v. Fernandez*, 454 U.S. 6, 70 L. Ed. 2d 6, 102 S. Ct. 28 (1981) (applicable statute of limitation began running on the date respondents received letters notifying them their appointments would terminate at some future date). The Court of Appeals found *Lowell* persuasive and concluded Douchette's claim accrued February 15, 1983.

Because Douchette did not work for the District after she submitted her letter of resignation, her claim for wrongful discharge (if indeed one exists) accrued on February 15, 1983.[9] We find Douchette's claims all accrued on February 15, 1983, and therefore do not reach her third argument, whether CR 6(a) should apply to the time periods for filing lawsuits.

We conclude Douchette's discharge became effective on February 15, 1983. No continuing acts of discrimination could have occurred after that date, thus all of her claims commenced running on that date. No equitable grounds exist

---

[9]We find persuasive the Supreme Court's ruling that the discharge of an employee is effective the date the employer communicates notice of termination (or intent to terminate at a specific date), to the employee. We note that in a claim for constructive discharge, the date may be the date the employee gives notice to the employer or the last day of actual employment. Because we do not decide the issue of whether an employee has a common law claim for constructive discharge under *Thompson* in addition to the statutory remedy, we do not decide the date on which such a claim accrues. Our holding today is limited to the facts of the case.

to toll the statutes of limitation. Therefore, we affirm the Court of Appeals' reversal of the trial court and dismissal of the complaint.

BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.