Riccardo GREEN, Plaintiff—Appellant,

v.

**BASTYR UNIVERSITY, LLC,** Defendant—Appellee.

No. 07–36046.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Riccardo Green, Seattle, WA, pro se.

Bryan Patrick O'Connor, Esq., Sarah Rebekah Capelli, Esq., Jackson Lewis LLP, Seattle, WA, for Defendant–Appellee.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Riccardo Green appeals pro se from the district court's order dismissing his federal civil rights complaint, raising Title VI and Title IX claims, as untimely. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004), and we affirm.

■ The district court properly dismissed Green's action as untimely because the statute of limitations was not tolled while Green pursued other remedies that he was not required to exhaust before filing suit against defendant. *See Kling v. Los Angeles County,* 633 F.2d 876, 879 (9th Cir.1980) (explaining that exhaustion of Title IX administrative remedies is not required before filing a private action, and that Title IX is patterned after Title VI).

■ The district court properly determined that Green could not invoke the doctrines of equitable tolling and equitable estoppel because he did not diligently pursue his claims or show that the defendant engaged in any deception that caused him to miss the statutory deadline. *See Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir.2004) (explaining that for federal civil rights actions courts apply the forum state's law regarding tolling); *Douchette v. Bethel School Dist. No. 403,* 117 Wash.2d 805, 818 P.2d 1362, 1365 (1991) (en banc) ("In the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff, equity cannot be invoked.").

Green's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.