**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AARON HAHN,

        Plaintiff - Appellant,

v.

DOUG WADDINGTON et al.,

        Defendants - Appellees.

No. 15-35091

D.C. No. CV-14-5047-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted May 11, 2017
Pasadena, California

Before: O'SCANNLAIN and OWENS, Circuit Judges and CHRISTENSEN,[**]
Chief District Judge.

      Plaintiff Aaron Hahn appeals from the district court's dismissal of his 42

U.S.C. § 1983 claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The Honorable Dana L. Christensen, Chief District Judge for the U.S.
District Court for the District of Montana, sitting by designation.

reverse and remand. As the parties are familiar with the facts, we do not recount them here.

The district court erred when it dismissed Hahn's § 1983 claim as untimely as a matter of law. Although the complaint was filed over three years after Hahn's alleged injury, *see* Wash. Rev. Code § 4.16.080(2) (2015), Washington law mandates equitable tolling when, as here, "justice requires." *See Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998) (en banc); *see also In re Pers. Restraint of Carter*, 263 P.3d 1241, 1248–49 (Wash. 2011) (en banc) (adopting the actual innocence doctrine). Hahn's complaint was untimely through no fault of his own. Hahn timely and appropriately filed in the Eastern District of Washington; after the Eastern District dismissed Hahn's claims against residents of the district, that court erred by dismissing instead of transferring venue to the Western District of Washington, where the sole remaining defendants resided. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962); *see also Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965). By the time Hahn received notice of the dismissal, the statute of limitations had expired.

Under the particular circumstances of this case, equitable tolling is consistent with the policies underlying § 1983, and it is not inconsistent with those served by Washington's statute of limitations. *See Millay*, 955 P.2d at 797 ("In

Washington equitable tolling is appropriate when consistent with both the purpose of the statute providing the cause of action and the purpose of the statute of limitations.").  Strict adherence to the statute of limitations in the face of procedural unfairness cannot be reconciled with § 1983, which exists to promote "compensation of persons whose civil rights have been violated, and prevention of the abuse of state power."  *Burnett v. Grattan*, 468 U.S. 42, 53 (1984); *see also Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 488 (1980).  Moreover, the purposes underlying the statute of limitations—finality and protection against stale and unverifiable claims—will not be frustrated by allowing equitable tolling here. *See Kittinger v. Boeing Co.*, 585 P.2d 812, 814 (Wash. Ct. App. 1978).  The defendants were aware of Hahn's claim within the statutory time frame, when Hahn first filed in the Eastern District of Washington.  Under Washington law, justice requires tolling, but the remedy is modest—Hahn will simply be placed in the position he would have been in had the Eastern District appropriately transferred his claim.

Thus, Hahn is entitled to equitable tolling under Washington law only if he was diligent in pursuing this action in the Western District of Washington after dismissal.  *See, e.g., Millay*, 955 P.2d at 797–98; *Douchette v. Bethel Sch. Dist. No. 403*, 818 P.2d 1362, 1365 (Wash. 1991) (en banc).  A dispute of fact remains as to

Hahn's diligence, which cannot be resolved on appeal. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003). The issue of Hahn's diligence, along with Defendants' other arguments in favor of dismissal, can appropriately be resolved by the district court on remand.

**REVERSED AND REMANDED.**

*Hahn v. Waddington*, No. 15-35091

O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully dissent from the memorandum disposition because I disagree with its characterization of Washington law.

I

The majority asserts that "Washington law mandates equitable tolling when, as here, 'justice requires.'" Majority at 2. However, Washington's highest court has repeatedly emphasized that "equitable tolling is allowed when justice requires *and when the predicates for equitable tolling are met*. The predicates . . . [are] bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *In re Bonds*, 165 Wash. 2d 135, 141 (2008) (en banc) (emphasis added); *see also In re Haghighi*, 178 Wash. 2d 435, 447 (2013) (en banc) ("[T]raditionally we have allowed equitable tolling when justice requires its application *and when the predicates of bad faith, deception, or false assurances are met*, and where the petitioner has exercised diligence in pursuing his or her rights.") (emphasis added); *Douchette v. Bethel School Dist. No. 403*, 117 Wash. 2d 805, 812 (1991) (en banc) ("*In the absence of bad faith* on the part of the defendant and reasonable diligence on the part of the plaintiff, *equity cannot be invoked*.") (emphasis added).

Washington precedent may be read to leave open the possibility that bad faith, deception, or false assurances by a *third party*—as opposed to by defendants—might satisfy the predicate rule. Specifically, in *In re Bonds*, the court characterizes the predicate rule as "mak[ing] equitable tolling available only in instances where petitioner missed the filing deadline due to *another's* malfeasance." *Id.* (emphasis added). Nevertheless, it remains clear that bad faith rather than mere negligence is necessary for equitably tolling to apply.

## II

Hahn raises no allegation that the Eastern District of Washington acted maliciously or in bad faith when it dismissed his claims against certain defendants for improper venue. Rather, he asserts that the court acted in error. Such does not constitute adequate grounds for equitable tolling under Washington's predicate rule.

## III

"[F]ailure to comply with the [Washington] statute of limitations, therefore, preclude[s] maintenance of this action . . . [because Washington's] tolling rule is [not] 'inconsistent' with the policies underlying § 1983." *Bd. of Regents of Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 487 (1980).

Like the New York tolling rule at issue in *Tomanio*, Washington's rule is motivated by "policies of repose [which] cannot be said to be disfavored in federal

2

law." *Id*. at 488. Furthermore, "[n]either [deterrence nor compensation, the principal policies embodied in § 1983,] is significantly affected by this rule of limitations since plaintiffs can still readily enforce their claims, thereby recovering compensation and fostering deterrence, simply by [filing a direct appeal that challenges a district court's alleged error]." *Id. See generally In re Hall, Bayoutree Assoc.*, 939 F.2d 802, 805 (9th Cir. 1991) ("We review a determination of whether to transfer or dismiss for abuse of discretion."). Hahn opted not to take advantage of such opportunity to recover compensation and foster deterrence by filing an appeal, but it was readily available to him nonetheless.

IV

Because I see no reason to displace a longstanding state rule in favor of an ad hoc federal one, I would affirm the judgment of the district court.