O’SCANNLAIN, Circuit Judge,
dissenting:
I respectfully dissent from the memorandum disposition because I disagree with its characterization of Washington law.
I
The majority asserts that “Washington law mandates equitable tolling when, as here, ‘justice requires.’ ” Majority at 495. However, Washington’s highest court has repeatedly emphasized that “equitable tolling is allowed when justice requires and when the predicates for equitable tolling are met. The predicates ... [are] bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff.” In re Bonds, 165 Wash. 2d 135, 141, 196 P.3d 672 (2008) (en banc) (emphasis added); see also In re Haghighi, 178 Wash. 2d 435, 447, 309 P.3d 459 (2013) (en banc) (“[Traditionally we have allowed equitable tolling when justice requires its application and when the predicates of bad faith, deception, or false assurances are met, and where the petitioner has exercised diligence in pursuing his or her rights.”) (emphasis added); Douchette v. Bethel School Dist. No. 403, 117 Wash. 2d 805, 812, 818 P.2d 1362 (1991) (en banc) (“In the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff, equity cannot be invoked.”) (emphasis added).
Washington precedent may be read to leave open the possibility that bad faith, deception, or false assurances by a third party—as opposed to by defendants— might satisfy the predicate rule. Specifically, in In re Bonds, the court characterizes the predicate rule as “mak[ing] equitable tolling available only in instances where petitioner missed the filing deadline due to another’s malfeasance.” Id. (emphasis added). Nevertheless, it remains clear that bad faith rather than mere negligence is necessary for equitably tolling to apply.
II
Hahn raises no allegation that the Eastern District of Washington acted maliciously or in bad faith when it dismissed his claims against certain defendants for improper venue. Rather, he asserts that the court acted in error. Such does not constitute adequate grounds for equitable tolling under Washington’s predicate rule.
III
“[FJailure to comply with the [Washington] statute of limitations, therefore, preclude[s] maintenance of this action ... [because Washington’s] tolling rule is [not] ‘inconsistent’ with the policies underlying § 1983.” Bd. of Regents of Univ. of N.Y. v. Tomanio, 446 U.S. 478, 487, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980).
Like the New York tolling rule at issue in Tomanio, Washington’s rule is motivated by “policies of repose [which] cannot be said to be disfavored in federal law.” Id. at 488, 100 S.Ct. 1790. Furthermore, “[n]either [deterrence nor compensation, the principal policies embodied in § 1983,] is significantly affected by this rule of limitations since plaintiffs can still readily enforce their claims, thereby recovering compensation and fostering deterrence, simply by [filing a direct appeal that challenges a district court’s alleged error].” Id. See gen *497 erally In re Hall, Bayoutree Assoc., Ltd., 939 F.2d 802, 805 (9th Cir. 1991) (“We review a determination of whether to transfer or dismiss for abuse of discretion.”). Hahn opted not to take advantage of such opportunity to recover compensation and foster deterrence by filing an appeal, but it was readily available to him nonetheless.
IV
Because I see no reason to displace a longstanding state rule in favor of an ad hoc federal one, I would affirm the judgment of the district court.