# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RON GIPSON , <br><br> Appellant, <br><br> v. <br><br> SNOHOMISH COUNTY, <br><br> Respondent. | No. 79351-9-I <br><br> DIVISION ONE <br><br> UNPUBLISHED OPINION <br><br> FILED: March 2, 2020 |

ANDRUS, J. — Ron Gipson appeals the dismissal of his Public Records Act[1] (PRA) complaint against Snohomish County. We affirm the dismissal of Gipson's PRA claim as time-barred under the one-year statute of limitations in RCW 42.56.550(6).

## FACTS

On January 18, 2017, Ron Gipson served on Snohomish County (County) a public records request relating to the County's internal investigation and disciplinary action against him. That same day, the County acknowledged receipt of the request and assigned it tracking number K013594-011817. On January 23, 2017, the County sent an email to Gipson indicating records would be available by February 28, 2017. On February 27, 2017, the County sent another email to Gipson with an update indicating responsive records would be available by March 28, 2017.

---

[1] Ch. 42.56 RCW

On March 28, 2017, the County sent an email to Gipson stating: "The first installment is ready," and produced a DVD with a letter indicating it included "records responsive to request number K013594."

On April 28, 2017, the County sent an email to Gipson stating: "The 2nd installment of records responsive to your request is now available . . . ." This second installment (a DVD) was the final installment of responsive documents, though the County included a letter stating it was the "1st and final installment of records responsive to request number K013594." The letter further stated: "If you have any questions, please contact me at 425-388-6349." Over two months later, on July 18, 2017, Gipson sent an email to the County stating:

> In regards to PRR K013594-011817 there has been no communication from Sno Co whether or not this PRR is closed. Therefore, it leads me to believe that Snohomish County has more installments to issue. If this is not correct please let [me] know.

That same day, the County responded: "Yes, this request was closed. You picked up the final installment in May."

On July 5, 2018, Gipson filed a lawsuit against the County alleging the County violated the PRA in responding to his request. The County moved for summary judgment, asserting the claim was barred by the statute of limitations because it was not brought within one year of the County's production of the final installment of records. The trial court granted the County's motion and dismissed the complaint, finding no issues of material fact and concluding: "The statute of limitations was triggered by the last production of records on an installment basis on April 28, 2017." The court also rejected Gipson's argument that equitable tolling should apply. Gipson appeals.

## DISCUSSION

"Judicial review of all agency actions taken or challenged under RCW 42.56.030 through 42.56.520 shall be de novo." RCW 42.56.550(3). De novo is also the standard of review for summary judgment. Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 106, 117 P.3d 1117 (2005). In reviewing an order on summary judgment, we perform the same inquiry as the trial court. Sheikh v Choe, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). "We consider all facts submitted and all reasonable inferences from the facts in the light most favorable to the nonmoving party." Rublee v. Carrier Corp., 192 Wn.2d 190, 199, 428 P.3d 1207 (2018). "Summary judgment is proper when the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Munich v. Skagit Emergency Commc'ns Ctr., 175 Wn.2d 871, 877, 288 P3d 328 (2012).

The PRA establishes a one-year statute of limitations for judicial review of agency actions. RCW 42.56.550(6) provides: "Actions under this section must be filed within one year of the agency's claim of exemption or the last production of a record on a partial or installment basis." In Belenksi v. Jefferson County, 186 Wn.2d 452, 378 P.3d 176 (2016), our Supreme Court clarified that the statute does not limit triggering events to those listed in RCW 42.56.550(6), recognizing "the legislature intended to impose a one year statute of limitations beginning on an agency's final, definitive response to a public records request." 186 Wn.2d at 460. In Belenski, the county responded it had no responsive records, even though Belenski had information indicating that the responsive records did exist. 186

3

Wn.2d at 455-456. Although the county's response was not a claim of an exemption or the last production in a series of installments, the court nevertheless held the agency's statement that it had no documents to produce was a "final, definitive response" sufficient to trigger the statute of limitations. As the court explained:

> Regardless of whether this answer was truthful or correct, the county's definitive, final response to Belenski's PRA request was sufficient to put him on notice that the County did not intend to disclose records or further address this request. If Belenski was unsatisfied with this answer, he could sue to hold the County in compliance with the PRA as soon as it gave this response—there was no need for him to wait an additional 25 months before bringing his cause of action.

186 Wn.2d at 460-461. The court held the claim was time-barred under the statute. 186 Wn.2d at 459. But because Belenski raised "legitimate concerns [about] allowing the statute of limitations to run based on an agency's dishonest response," it remanded the case to the trial court to resolve any factual disputes and determine if the doctrine of equitable tolling applied. 186 Wn.2d at 461-62.

As in Belenski, the undisputed facts establish that Snohomish County's last production of records on an installment basis occurred on April 28, 2017, when the County produced the second, and final, installment. While the letter identified the second installment incorrectly as the "1st" installment," the letter clearly and unequivocally stated that its production was the "final installment." As the court held in Belenski, the statute of limitations began to run at the time of the county's final, definitive response "[r]egardless of whether this answer was truthful or correct." 186 Wn.2d at 461 (County's response that it had no responsive records was a final definitive response even though the records may have in fact existed).

4

The County's unequivocal statement that the second DVD was the "final installment" amounted to a final, definitive response sufficient to put Gipson on notice that the County would produce no further records. Accordingly, the one-year statute of limitations began to run on April 28, 2017. Unless there was a factual basis to equitably toll the statute of limitations, Gipson's claim—filed on July 18, 2018—was untimely.

Gipson argues on appeal that the trial court erred in failing to equitably toll the statute of limitations. He contends he was confused by the letter's reference to the "1st and final installment," and did not have notice that the County considered the request closed until it confirmed this fact on July 18, 2017. But Gipson fails to demonstrate a factual basis for applying equitable tolling here.[2] Equitable tolling permits a court to allow an action to proceed when justice requires, even though a statutory time period has nominally elapsed. City of Bellevue v. Benyaminov, 144 Wn. App. 755, 760, 183 P3d 1127 (2008). A statute of limitations may be tolled for equitable reasons when the circumstances show bad faith, deception, or false assurances by the defendant, and the exercise of due diligence by the claimant. Millay v. Cam, 135 Wn.2d 193, 205, 955 P.2d 791 (1998); Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 812, 818 P.2d 1362 (1991). The party asserting that equitable tolling applies bears the burden of proof. Price v. Gonzalez, 4 Wn. App. 2d 67, 77, 419 P.3d 858 (2018). "Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." Price, 4 Wn. App. 2d at 76.

---

[2] Gipson appears to confuse the doctrine of equitable estoppel with equitable tolling. Equitable estoppel is not the appropriate test for tolling the statute of limitations.

Gipson presented no evidence that the County acted in bad faith, engaged in any deception, or provided him with any false assurances. Unlike Belenski, the County did not falsely claim to have no responsive records when the plaintiff knew responsive records existed. The County did not tell Gipson there would be further installments after April 28, 2017, and did not tell him his request was still open in an effort to prevent him from filing a lawsuit. At most, Gipson had evidence of a typographical error in a letter. But when he asked the County to confirm if it had further installments to produce, the County responded in the negative immediately, further indicating that the County was not trying to deter Gipson from initiating litigation if he believed he had a basis for doing so. Gipson presented insufficient evidence to create a genuine issue of material fact that the County acted in bad faith and this conduct prevented him from timely asserting a PRA claim.

Additionally, Gipson also failed to create a genuine issue of material fact as to whether he exercised due diligence. If he was confused by the language of the April 28 letter, he did not explain what, if anything, prevented him from seeking clarification sooner than July. And once he became aware of the County's position that the April 28 installment was the final one, he did not explain what, if anything, prevented him from initiating his PRA lawsuit between July 2017 and April 2018. As the court made clear in Belenski, he could have initiated his lawsuit immediately if dissatisfied with the County's response. 186 Wn.2d at 461.

Gipson contends that not applying equitable tolling here would lead to "absurd and inconsistent results," noting that if he had learned 364 days later that the April 28, 2017 DVD was the County's "final action," he would have only one

day "to act upon this false statement." But this factual hypothetical is not the record before us. He did receive notice on April 28. That notice was unequivocal. He waited two months to seek clarification without evidence as to why he waited such a lengthy period of time. He then immediately learned that the County considered its April 28 production to be the final one. And he presented no evidence that the County took any action that prevented him from filing the lawsuit in a timely manner. Under the facts of this case, summary judgment was appropriate.

Affirmed.

_Andrus, J._

WE CONCUR:

_Dwyer, J._                _Appelwick, C.J._