IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KYLE WILLIAM LAGOW, | No. 84946-8-I |
| Appellant, | |
| SCOTT D. HAMILTON[†], | DIVISION ONE |
| Plaintiff, | UNPUBLISHED OPINION |
| v. | |
| HAGENS BERMAN SOBOL SHAPIRO LLP, a Washington limited liability partnership | |
| Respondents. | |

DíAZ, J. — Hagens Berman Sobol Shapiro (Hagens Berman) represented Kyle Lagow (Lagow) in two lawsuits which ended nearly a decade ago. Lagow then brought several claims against Hagens Berman, alleging most relevantly that his former lawyers improperly benefitted by using Lagow's proprietary information in a separate lawsuit. The superior court dismissed that final claim and Lagow appeals. Because Lagow's final claim is barred by the statute of limitations, and he otherwise

---

[†] In the second lawsuit, and until the present appeal, Scott Hamilton was a named plaintiff. While a party throughout the superior court proceedings, Hamilton is not a signatory on this appeal.

offers inadequate support for his other claims, we affirm the superior court.

## I.    BACKGROUND

Hagens Berman (a Seattle law firm) twice represented Lagow (a Texas resident) in actions against mortgage companies and banks.  Lagow formerly worked as a mortgage appraiser from 2004-2008.  As told by Lagow, he "accumulated a vast amount of proprietary knowledge, and evidence pertaining to the mortgage companies' fraudulent practices."  Hagens Berman settled both matters in 2012 and 2014 respectively.

After the 2014 case settled, Hagens Berman formally terminated its representation of Lagow, in a letter dated March 12, 2015, which stated: "With this payment, our representation of you under the existing retainer agreement comes to an end . . ." Beginning in 2013, a Texas-based law firm, Baron & Budd P.C., brought a separate action in federal court against the same mortgage companies that Hagens Berman had sued (Waldrup Action).  Baron & Budd deposed Lagow in that lawsuit on March 16, 2016.[1]

The parties dispute the nature of Lagow's participation in the Waldrup Action. As told by Shayne Stevenson (Stevenson), a partner at Hagens Berman, Stevenson informed Lagow that Baron & Budd planned to depose him and Lagow assented to sharing his contact information instead of Baron & Budd subpoenaing him.  As told by Lagow, Hagens Berman *forced* him to participate in the deposition without legal representation.

---

[1] Neither Lagow nor Hagens Berman provided the full transcript of Lagow's deposition or the portion of the deposition in which he allegedly referred to "proprietary information."

On November 14, 2016, the federal court consolidated the <u>Waldrup</u> Action with a similar separate action where Hagens Berman represented unrelated plaintiffs. Between 2016 and 2017, Lagow began to correspond with the partners at Hagens Berman, alleging that they used his "data" for the consolidated lawsuit without his permission.

It is unnecessary to summarize the entirety of the litigation that followed. But, relevantly, Lagow first sued Hagens Berman in New York on June 10, 2020. On April 28, 2021, the New York trial court dismissed his complaint for lack of personal jurisdiction. Lagow next sued Hagens Berman in King County Superior Court on February 23, 2022.

Lagow brought four claims: 1) breach of contract, 2) legal malpractice, 3) breach of implied covenant of good faith and fair dealing, and 4) unjust enrichment. On June 3, 2022 the trial court granted Hagens Berman's motion to dismiss on Lagow's first three claims with prejudice, but allowed the final claim, unjust enrichment, to proceed to discovery. Lagow did not appeal this order. Hagens Berman also defended the trial court's order on granting its 12(b)(6) motion to dismiss the claims of the breach of contract, legal malpractice, and breach of implied covenant of good faith and fair dealing, to which Lagow also did not assign error, so we decline to consider this argument.

In November 2022, Lagow's local counsel withdrew both its representation of Lagow and its sponsorship of Lagow's pro hac vice counsel. Lagow continued, pro se.

Later, the trial court granted Hagens Berman's motion for summary judgment, dismissing Lagow's final unjust enrichment claim, and thereafter denied several motions Lagow filed. Lagow timely appeals.

## II.    ANALYSIS

As a preliminary matter, pro se litigants are bound by the same rules of procedure and substantive law as licensed attorneys. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). Failure to comply with the rules of appellate procedure may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). Representing himself on appeal, Lagow filed a brief that does not contain a table of authorities, separate assignments of error, almost any reference to legal authority, or consistent citations to the record. However, the brief does contain arguments in support of most of the discernible assignments of error, and the respondent supplied the record on appeal. Thus, we exercise our discretion to hear the matter consistent with our obligation to liberally interpret our rules of appellate procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2(a).

## A.    Statute of Limitations on Unjust Enrichment Claim

A plaintiff shows a defendant is unjustly enriched when: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." Young v. Young, 164 Wn.2d 477, 484-85, 191 P.3d 1258 (2008).

4

Washington applies a three-year statute of limitations to unjust enrichment claims. Seattle Prof'l Eng'g Emps. Ass'n v. Boeing Co., 139 Wn.2d 824, 837-38, 991 P.2d 1126 (2000) (citing RCW 4.16.080 (3)). "Under the discovery rule the statute of limitations does not begin to run until the plaintiff, using reasonable diligence, should have discovered the cause of action." Hart v. Clark County, 52 Wn. App. 113, 117, 758 P.2d 515 (1988). "The discovery rule does not require knowledge of the existence of a legal cause of action itself, but merely knowledge of *the facts necessary to establish the elements of the claim*." Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 814, 818 P.2d 1362 (1991) (emphasis added).

We review orders for summary judgment de novo. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Id. (quoting CR 56(c)).

Lagow first argues that the trial court erred granting summary judgment because "unjust enrichment could not have been known [by Lagow] until . . . someone had been enriched." And he asserts that "the final judgment [in the Waldrup Action] was not entered on or around July of 2020," well within the three-year statute of limitations. Lagow additionally avers that there is a genuine issue of material fact as to whether Hagens Berman actually represented him through 2020. Neither argument is persuasive.

As to both arguments, uncontroverted evidence shows that Lagow had "knowledge of the facts necessary to establish the elements of" a claim for unjust enrichment. Douchette, 117 Wn.2d at 814. Namely, he sent several emails to

5

Hagens Berman attorneys asserting they had, or were going to, receive a benefit at his expense unfairly. For example, in 2017, he threatened, "If the firm really has convinced itself . . . that they should profit while I am excluded and should be allowed to use the benefit of everything I shared with the firm . . ., then maybe it is time that there was a consequence."

This email plainly shows that Lagow believed (a) Hagens Berman received something of value (information on the "appraisal fraud" which it "profited" from), (b) at his expense or "exclusion," as early as 2017 (c) without rightly sharing or intending to share the fruits with him. These are the elements of an unjust enrichment claim. Young, 164 Wn.2d at 484-85. He did not, however, file his claim in King County Superior Court until 2022. Thus, applying the discovery rule, Lagow's own words establish that the statute of limitations on his unjust enrichment claim began to run in 2017, if not earlier. Douchette, 117 Wn.2d at 814.

Lagow, again, counters that the unjust enrichment claim did not actually "ripen" until Hagens Berman *received* the settlement money. Lagow, however, offers no authority supporting the proposition that the discovery rule permits a litigant to wait until a "check is cut" before bringing suit. Where a party fails to provide citation to support a legal argument, we assume counsel, like the court, has found none. State v. Loos, 14 Wn. App. 2d 748, 758, 473 P.3d 1229 (2020).

Moreover, as Hagens Berman correctly explains, case law interpreting the discovery rule suggests that such a claim would actually begin to mature when a claim of unjust enrichment was "susceptible of proof." Br. of Resp't at 42 (citing Eckert v. Skagit Corp., 20 Wn. App. 849, 851, 583 P.2d 1239 (1978) (where the

6

defendant was allegedly unjustly enriched for three years before the plaintiff filed their claim); see also, e.g., Cawdrey v. Hanson Baker Ludlow Drumheller, P.S., 129 Wn. App. 810, 818, 120 P.3d 605 (2005) ("The discovery rule does not allow the plaintiff to wait until she knows the specific cause of action").  Here, Lagow identifies no legal impediment from bringing his claim sooner and, on these facts, he otherwise is not permitted to wait until Hagens Berman received its settlement monies, if any.  The claim was ripe when he became fully aware of the elements of the claim.  Douchette, 117 Wn.2d at 814.

Second, Lagow argues that Hagens Berman actually represented him through 2020 because they "continued to advise and exchange data," through emails and text messages.  But "a client's subjective belief . . .  does not control the issue unless it is reasonably formed based on the attending circumstances, including the attorney's words or actions."  Bohn v. Cody, 119 Wn.2d 357, 363, 832 P.2d 71 (1992), amended on denial of reconsideration (June 22, 1992), holding modified by Trask v. Butler, 123 Wn.2d 835, 872 P.2d 1080 (1994), abrogated on other grounds.  Lagow offers email correspondence between him and an attorney at Hagens Berman in June 2019, where he suggested a strategy for a lawsuit, and the attorney responded that "it would be immediately rejected by any court."  This correspondence occurred, however, approximately four years after Hagens Berman unambiguously terminated its representation of Lagow.  The record contains no new agreement of representation after 2015.  Based on the evidence presented, there is no genuine issue of material fact that Hagens Berman terminated its representation in 2015 and did not make any suggestion it was

reopening that representation. Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 924, 296 P.3d 860 (2013) (summary judgment is appropriate "as a matter of law where reasonable minds could come to only one conclusion.").

Stated otherwise, it is clear that this innocuous email exchange from 2017 did not relate to or reopen Hagens Berman's original representation of Lagow, or create a new matter. Occasional, sporadic discussion between a lawyer and a layman does not unilaterally create an attorney-client relationship if it is not "reasonably formed." Bohn, 119 Wn.2d at 363.

The trial court did not err granting summary judgment to Hagens Berman on Lagow's unjust enrichment claim.[2]

B.      Lagow's Remaining Unsupported Assignments of Error

Lagow first posits that the superior court erred by allowing his local counsel to withdraw without further inquiry.

An attorney may withdraw from a civil trial if they file notice ten days before withdrawing and withdrawal is effective after those ten days, whether or not the court orders it. CR 71(c)(1)-(2). We defer to a trial court's handling of withdrawal, reviewing only for abuse of discretion. Kingdom v. Jackson, 78 Wn. App. 154, 158, 896 P.2d 101 (1995).

---

[2] Hagens Berman asserts that Lagow claims that it represented him continuously between 2015 and 2020 pursuant to the "continuous representation doctrine." The continuous representation doctrine may toll the statute of limitations in legal malpractices cases. It does not appear to us, however, that Lagow himself in fact made or preserved that argument, as he did not assign error to the dismissal of his legal malpractice claim in his notice of appeal, or otherwise brief this issue. Thus, we decline to address it. RAP 2.4(a).

Consistent with CR 71, Lagow's local counsel moved to withdraw per CR 71(c)(1). The trial court did not err by not sua sponte preventing Lagow's local counsel to withdraw.[3] Although it is unfortunate Lagow was unable to retain counsel for his subsequent summary judgment hearing, the trial court did not abuse its discretion in permitting withdrawal.

Lagow next argues that the court should have ordered Hagens Berman to produce text message correspondence between him and Hagens Berman. According to Lagow, the text messages would show (1) Hagens Berman continued to represent him through 2020, and (2) that Hagens Berman relied upon Lagow's allegedly proprietary information.

Again, we hold pro se litigants to the same standard that we do a licensed attorney. Holder, 136 Wn. App. at 106. The rules of appellate procedure require that parties cite to the record to support their assertions. RAP 10.3(a)(6). To the extent that these arguments are distinct from those arguments previously rejected, Lagow does not cite to the record on appeal or any relevant legal authority to support this argument and, essentially and belatedly, asks us to take his word that further evidence may vindicate his claims.[4] Regardless, we do not consider

---

[3] Additionally, Lagow asserts that his local counsel (sponsoring his pro hac vice counsel) withdrew because Hagens Berman intimidated him. However, because Lagow does not support this assertion with citations to the record, we do not consider it. Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3(a)(5).

[4] Lagow refers to one case in his reply brief: Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), arguing that because he alleged concrete facts, the court erred by dismissing his case. However, Twombly is inapposite because that case addressed what a party must allege or show to survive a 12(b)(6) motion to dismiss and not a motion for summary judgment as here. Twombly, 550 U.S. 544, at 552.

arguments unsupported by references to the record, meaningful analysis, or citation to pertinent authority. Cook v. Brateng. 158. Wn. App. 777, 794, 262 P.3d 1228 (2010). Thus, these arguments do not warrant review. [5]

C.     Attorney Fees and Costs

"An appellate court may order a party to pay compensatory damages or terms for filing a frivolous appeal." Lutz Tile, Inc. v. Krech, 136 Wn. App. 899, 906, 151 P.3d 219 (2007) (citing RAP 18.9(a)). "An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues upon which reasonable minds might differ and that it is so devoid of merit that there is no possibility of reversal." Id. We resolve doubts about whether an appeal is frivolous in favor of the appellant. Id.

Hagens Berman requests we award attorney fees and costs because Lagow's briefs fail to comply with the rules of appellate procedure, which it claims is frivolous on its face. Hagens Berman further asserts that Lagow did not raise an issue that could result in reversal of the trial court on any issue.

Although this is a close question, we decline to grant fees and costs to Hagens Berman because Lagow raises an at least somewhat debatable issue of law as to whether a claim of unjust enrichment must be fully developed before the

---

[5] According to Hagens Berman, Lagow's (ostensible) attempts to obtain discovery are best construed as requests to continue pursuant to CR 56(f). CR 56(f) permits the trial court to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." Colwell v. Holy Family Hosp., 104 Wn. App. 606, 615, 15 P.3d 210 (2001), abrogated on other grounds. Again, Lagow never made this type of motion, and did not assign error to the denial of any sort of continuance, so we do not consider it. Brown v. Vail, 169 Wn.2d 318, 336 n. 11, 237 P.3d 263 (2010).

statute of limitations start running. Although we concluded the trial court did not err, we resolve doubts about frivolous appeals in favor of the appellant. Lutz Tile, 136 Wn. App. at 906. Thus, we deny Hagens Berman's request for attorney fees on appeal.

### III.    CONCLUSION[6]

We affirm the superior court.

Díaz, J.

WE CONCUR:

Chung, J.

Smith, C.J.

---

[6] As part of his appeal, Lagow filed a supplemental declaration of Timothy McIlwain, which was originally provided to the superior court proceedings in reply to Hagens Berman's opposition to his pro hac vice status. Respondent filed a motion to strike that declaration. We deny the motion to strike as moot given the resolution of this matter.