# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| KEDRIC JACKSON,<br><br>Petitioner,<br><br>v.<br><br>HOMETOWNE STUDIOS, LLC, a Delaware foreign limited liability company; DORRAINE LALLANI, individually; and JOHN PARK, individually.<br><br>Respondents. | No. 88641-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Kedric Jackson seeks review of the trial court's order dismissing two of his four claims against Hometowne Studios LLC.[1]  Because the order is not an appealable final judgment and there is no supportable basis for discretionary review, we dismiss review and remand.

I

Hometowne Studios owns, operates, and manages an "extended-stay hotel" in Kent, Washington.[2]  Jackson began residing in studio apartments at Hometowne Studios on June 25, 2024.  On April 3, 2025, Jackson filed a complaint against Hometowne Studios, asserting claims for violation of Title 42 U.S.C., the

---

[1] In its May 2025 and June 2025 motions to dismiss, Hometowne Studios asserted that it was an improperly named defendant and that the hotel at issue in the case is operated by "CL West Management, LLC," not Hometowne Studios.

[2] Because Jackson seeks review of the trial court's ruling dismissing claims under CR 12(b)(6), we accept the facts alleged in the complaint as true.  Woodward v. Taylor, 184 Wn.2d 911, 917, 366 P.3d 432 (2016).

Americans with Disabilities Act; violation of chapter 59.18 RCW, the Washington Residential Landlord-Tenant Act of 1973 (RLTA); negligence; and breach of the implied warranty of habitability. Hometowne Studios filed a motion to dismiss Jackson's RLTA and breach of implied warranty of habitability claims, arguing that because Hometowne Studios "is a hotel, not a landlord" it cannot be liable for either claim. The trial court granted the motion, telling Jackson during the hearing that "even if I granted all the relief that [Hometowne Studios] requested, you would still have claims going forward, for example, the negligence claim that you have, because they've not moved to dismiss all those claims. They're just talking about two things here."

Jackson filed a notice of appeal within 30 days. In its brief of respondent, Hometowne Studios, following RAP 17.4(d), included a motion to dismiss Jackson's appeal, asserting that Jackson still had two unresolved claims, the trial court had not certified the appeal, and that in the absence of a final judgment adjudicating all of Jackson's claims, RAP 2.2(d) barred the appeal. In reply, Jackson concedes that the trial court's order resolved fewer than all claims and that the court did not certify his appeal. Jackson asks us instead to treat his notice of appeal as a notice for discretionary review. Pursuant to RAP 5.1(c), we consider Jackson's request for discretionary review. See In re Marriage of Molvik, 31 Wn. App. 133, 135, 639 P.2d 238 (1982) ("Because the order of dismissal was not appealable as a matter of right, the notice of appeal will be given the same effect as a notice of discretionary review.").

II

Jackson contends that we should grant discretionary review under RAP 2.3(b)(1), (2), or (3). We disagree.

RAP 2.3(b) provides four bases for discretionary review, three of which are relevant here,

> (1) The superior court has committed an obvious error which would render further proceedings useless;
>
> (2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act; [or]
>
> (3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court.

Interlocutory review is disfavored. Minehart v. Morning Star Boys Ranch, Inc., 156 Wn. App. 457, 462, 232 P.3d 591 (2010). We consider each of Jackson's arguments in turn.

A

First, citing RAP 2.3(b)(1), Jackson argues that the court committed obvious error by misapplying the "anti-evasion preamble" of RCW 59.18.040(4). RCW 59.18.040's preamble states, "The following living arrangements are not intended to be governed by the provisions of this chapter, unless established primarily to avoid its application, in which event the provisions of this chapter shall control." One of the excluded living arrangements is "[r]esidence in a hotel, motel, or other transient lodging whose operation is defined in RCW 19.48.010." RCW 59.18.040(4). RCW 19.48.010 defines a hotel as, any building "held out to the

3

public to be an inn, hotel or public lodging house or place where sleeping accommodations, whether with or without meals, or the facilities for preparing the same, are furnished for hire to transient guests, in which three or more rooms are used for the accommodation of such guests."

In his complaint, Jackson referred to his residence as being in an "extended-stay hotel" operated and managed by Hometowne Studios.  Jackson cites Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 808, 818 P.2d 1362 (1991), arguing that the trial court's "obvious error" would render further proceedings useless.  In Douchette, the trial court denied summary judgment to the defendant, ruling that there was a material question of fact as to the timeliness of the action.  Id. at 808.  The Supreme Court engaged in discretionary review and held there was no fact question precluding its determination of whether the claims were timely, and held there were no equitable grounds to toll the statutes of limitation.  Id. at 809, 816-17.  In Douchette, the trial court's ruling allowed the action to proceed even though the claims were time-barred.  In contrast here, the trial court's partial summary judgment leaves two claims unresolved.

The trial court ruled Hometowne Studios is a hotel within the ambit of RCW 59.18.040(4), exempt from the RLTA, and is not a "landlord," and dismissed Jackson's RLTA claim and breach of the implied warranty of habitability claim.  We cannot say that the trial court committed obvious error.  And because Jackson has other unresolved claims against Hometowne Studios, further proceedings are not rendered useless and would be necessary regardless of the outcome of review.  Review is not appropriate under RAP 2.3(b)(1).

4

B

Second, citing RAP 2.3(b)(2), Jackson asserts that the trial court committed probable error that "has immediate ongoing effects on his daily residential occupancy that extend beyond this litigation." Jackson argues the trial court erred by excluding Hometowne Studios from the RLTA as a "hotel" under RCW 59.18.040(4) and RCW 19.48.010 because elsewhere in state law, a hotel resident is no longer considered "transient" after residing in the same lodging for thirty or more consecutive days. Jackson also contends that Hometowne Studios' conduct contradicts its litigation position that it is a hotel exempt from the RLTA.[3] The trial court's application of RCW 59.18.040(4) and RCW 19.48.010 were not probable error because, as acknowledged by Jackson, Hometowne Studios held itself out as a hotel.

Additionally, review under RAP 2.3(b)(2) is available only if the trial court's decision has an immediate effect outside the courtroom and does not merely alter the status of the litigation itself. State v. Howland, 180 Wn. App. 196, 207, 321 P.3d 303 (2014). RAP 2.3(b)(2) was adopted to primarily address orders on injunctions, attachments, receivers, and arbitration—situations in which "the court's action has effects beyond the parties' ability to conduct the immediate litigation." Id. at 206-07. Here, Jackson still resides in his apartment but argues that the court's order denies him certain "statutory protections." Jackson's cited

---

[3] Citing RAP 9.11, Jackson asks us to consider evidence of Hometowne Studios' "post-order conduct." Because Jackson seeks discretionary review of an order under CR 12(b)(6), we decline to consider evidence outside the pleadings. See Pac. 5000, LLC v. Kitsap Bank, 22 Wn. App. 2d 334, 342, 511 P.3d 139 (2022).

5

statutory protections do not qualify as "immediate effect outside the courtroom" necessary for discretionary review under RAP 2.3(b)(2).

C

Third, citing RAP 2.3(b)(3), Jackson contends that the trial court departed from the accepted course of judicial proceedings by not "engaging the threshold question of whether the anti-evasion preamble of RCW 59.18.040 applie[d] to the facts alleged." RAP 2.3(b)(3) begins "with a presumption that courts in judicial proceedings follow a generally recognized and approved practice, and to satisfy RAP 2.3(b)(3) . . . a party must show not simply that the lower court deviated from that practice, but that it did so to such a great extent that review or revision is necessary." In re Dependency of C.J.J.I., 4 Wn.3d 520, 526, 565 P.3d 891 (2025). Jackson argues he alleged sufficient facts to "raise the question of whether the occupancy was established primarily to avoid application of the RLTA." But Jackson does not show that the trial court's analysis or dismissal order greatly deviated from generally recognized and approved practice.

III

Pro se litigants are bound by the same rules of procedure and substantive law as attorneys. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). In its brief, Hometowne Studios sought dismissal of this appeal on the ground that the trial court's order was not appealable. We entered an order directing Jackson to respond. In our order, we directed that "No reply shall be filed by respondents unless requested by the court." After Jackson submitted a response addressing appealability, then, without the court's leave, and despite our

order, Hometowne Studios submitted an unauthorized reply. Jackson moves to strike the reply and for an admonishment to Hometowne Studios' counsel that further violations of the Rules of Appellate Procedure will result in sanctions. Jackson's motion is granted to that extent. Jackson argues, "Permitting experienced defense counsel to violate explicit panel orders without consequence invites further abuse of process, prejudices pro se litigants who comply in good faith, and erodes the integrity of this Court's procedural directives." We agree. Hometowne Studios' unauthorized reply and Jackson's legitimate objection that it violated the court's order required the court and Jackson to analyze additional briefing that was not necessary to the disposition of this matter. Counsel's violation of an express order of the court is especially disappointing when juxtaposed with Jackson's good faith efforts to navigate the legal system as a pro se litigant without counsel.

IV

Because the order appealed from is not appealable, and because discretionary review is not appropriate, we dismiss review and remand for further proceedings.

_Birk, J._

WE CONCUR:

_Chung, J._        _Hazelrigg, J._

7